OPINION of the Court, by
Ch. J. Rotie.
Ren-nick sold to Tyree Harris three headrights, received part of the consideration, and took Harris’s bond with security for the payment of the residue $ and on his part he gave his obligation to Harris to make such assignments as that grants should issue to him on paying the state price. The residue of the purchase money not being paid, Rennick brought suit on the bond therefor, and recovered judgment against Harris and his security, but was unable to make the money out of them by execution. In the meantime Harris, who shortly after the contract had been put into the possession of the land, sold to Dickinson, and assigned Rennick’s obligation to him, who sold and assigned said obligation to Hendricks, who paid the state price.
In this state of things, Hendricks filed his bill to have of Rennick a specific execution of the contract on his part, and the court below made their decree accordingly without requiring the balance of the purchase money to be paid. From that decreé Rennick has appealed to this court.
It is impossible that the decree of the inferior court can be sustained. It cannot be pretended that Harris could come into a court of equity and claim a decree for the specific execution of the contract on the part of Ren-nick, without paying the purchase money; and nothing can be more clear, upon general principles, than that his assignee cannot démand the execution of the contract upon other terms than he himself might do. The statute indeed which makes obligations for property assignable, by virtue of which alone the assignee may sue in his own name without making the obligee a party, has expressly reserved to the obligor the right to use, as against the assignee of such an obligation, all matters of defence cither at law or in equity, of which he could have availed himself against the original obligee.
The ground assumed in the argument, that Rennick had lost his lien in equity upon the land, by having taken personal security for the payment of the purchase money, is wholly inapplicable. It would have applied had he been complainant and seeking to subject the land to the payment of the consideration money. But such is not the case. He is not complainant but defendant, *304 and he holds not a mere equitable lien, but the legal ti-tie, which hccannot,sand ought not to be compelled to surrender,, but upon the terms of having equity done to him.
The decree of the court below must therefore be reversed with costs, and the cause remanded that a decree may be entered not inconsistent with the foregoing opinion.