ANDERSON's
ADM'R.
vs
WELLS, et al.

If the two witnesses required to establish a nuncupative will do not concur as to all the bequests, the will can only be established so far as they do concur.

---

6bm540
108  471

CHANCERY.

*Case* 121.

# Anderson's Administrator *vs* Wells, *et al.*

APPEAL FROM THE MASON CIRCUIT.

*Title bonds. Liens. Assignee and assignor. Parties. Purchasers.*

*June* 26.

CHIEF JUSTICE EWING delivered the opinion of the Court.

*The case stated.*

PETER PHILIPS purchased from Long a lot in Dover, paid the consideration, $100, and took his bond for a conveyance. Philips afterwards sold the lot to Smith, and took from him as the consideration, three several notes

for $83 33⅓ cents each, with Potts and Parker as his su-
reties, and assigned to Smith the title bond of Long.
Smith assigned the bond to Potts his surety, who after-
wards assigned the same to Parker, the other surety.
Parker being indebted to Wells assigned the bond to
him, in part security, of a debt, at the same time execu-
ting to him in further security, a mortgage upon some
other property. Wells afterwards foreclosed his mortgage
being coerced to do so, at the instance of another cred-
itor, and purchased the lot and obtained the commission-
er's deed for the same, which was confirmed by the
Chancellor, the whole property mortgaged including the
lot, being barely sufficient to pay his debt. One of the
notes of $83 33⅓ cents given by Smith to Philips, for
the consideration of his sale and assignment of the bond
for the lot, was assigned by Philips to Anderson, whose
administrator files the bill in this case, against Wells, et.
al. asserting a lien upon the lot for its payment. His bill
was dismissed and he has appealed to this Court.

Conceding that a lien for the consideration, exists in
favor of the assignor of a bond for a title, against a re-
mote assignee with notice, as was settled by the majori-
ty of this Court, in the case of *Lyon* vs *Alexander* (7 *J.
J. Marshall*, 289,) the lien is sustained only in analogy
to the lien which exists in favor of the vendor, who has
conveyed by absolute deed, and can be carried no fur-
ther. Testing this case by this rule there are two sub-
stantial objections to the enforcement of the lien as-
serted.

*If a lien exists in favor of the assignor of a bond for title to land, against a remote assignee with notice, it is in analogy to the lien of a vendor who has conveyed by absolute deed, and can be carried no further.*

1st. Philips the assignor of the bond for a title, took
personal security for the payment of the consideration of
his sale to Smith, and it is well settled that the taking of
such independant security, is presumptive evidence of a
waiver of the lien, which would be otherwise implied in
favor of the vendor.

*A seller of a title bond for land, who takes personal security for the price, has no lien upon the land called for by the bond.*

2d. Wells denies notice of the lien as well at his pur-
chase and receipt of the commissioner's deed for the lot,
as at and before his receipt of the bond and assignment
thereon by Parker to him, in security for his debt. No
notice is attempted to be proven upon him at or before
the bond was assigned to him, and notice is very imper-

*—Nor has he any lien as against an innocent pur-chaser, bona fide, without notice that the price is not paid.*

fectly and unsatisfactorily proven, and that too by a *single* witness only, at or before his purchase and receipt of the commissioner's deed for the lot.

The assignment of the bond for a title is a transfer of the *legal title* to the same, and as effectualy invests the assignee with all the assignors interest therein, as an absolute conveyance invests in the vendee, all the vendors interest in the estate conveyed. It enables the assignee to sue in his own name at law, recovering damages for its breach, and thereby annuling or merging the contract for the lot, and also enables him to sue in equity without making any of the assignors of the bond parties, to coerce a conveyance of the lot.

The assignment of a bond for title to land is a transfer of all the legal right to the bond, and all vendor's right to the land called for, and the assignee is not a necessary party to a bill for a conveyance.

If therefore, a remote vendee who has received his deed without notice of a lien, cannot be affected by such lien, so the assignee of a bond for a title, without notice, ought not to be affected by the same. As the vendee is not bound to look beyond the fact that his vendor has the legal title to the property sold, so the assignee should not be required to look beyond the fact that his assignor holds by regular assignment, the bond assigned. Nor does it matter that Wells received the assignment to *secure* a debt owing him by Parker. The transfer nevertheless, passed to him the *legal* right to the bond, and as effectually constituted him an innocent purchaser of the same and of all the rights legal and equitable, embraced by the bond, as the mortgage of the legal estate would constitute the mortgagee a purchaser of the same.

A remote vendee of a title bond for land is not bound to look farther than to see that the legal title in the bond has passed by assignment, to avoid liens of previous assignees.

But waiving this view of the subject, it may be remarked, that it does not satisfactorily appear that Wells had notice of Anderson's lien before he received the commissioners deed, on his purchase under the decree of foreclosure, nor that he received such notice as should have put him upon enquiry as to its existence. One witness only proves it, and proves it equivocally, and it is expressly denied by Wells answer.'

The testimony of one witness cannot prevail against the parties' denial by the answer.

Upon the whole it is the opinion of this Court that the decree of the Circuit Court dismissing Anderson's bill, be affirmed.

*Hord* for appellant: *Beatty* for appellee.