## McBrayer *vs.* Collins.

APPEAL FROM ANDERSON· CIRCUIT.

Case 53.

Pet. Eq·

1. A purchaser of a title bond is protected from liability for any part of the consideration which the assignor may owe of the consideration of his purchase, if he have not notice that it is unpaid.
2. But if the assignee of a title bond has not fully paid the price to his assignor, any balance in his hands may rightfully be directed to be paid to the original vendor, in the discharge· of the balance of the consideration unpaid.
3. If the obligor in a note induce an assignee to take it, representing the demand as good and would be paid at maturity, he cannot afterwards assert an equity against the assignor to defeat the assignee in his recovery· of the debt.

On the 19th April, 1853; J. C Buckley sold· a tract of land to S. H. Buckley, and gave him a title bond to convey the same. On the 17th of August, 1853, S. H. Buckley assigned said bond to James W. Yount, and on the 12th February, 1855, Yount assigned the bond to R. D. Collins. S. H. Buckley assigned to McBrayer a note for the purchase money 'on Yount, of $300, executed 17th August, 1853, due 25th· December, 1855; and Yount assigned to Taylor a note executed 12th February, 1855, by Collins to him· for $450, due 12th February, 1856, for part of the purchase money. McBrayer filed his petition in equity, claiming a lien on the land for the amount of the note held by him, making Collins, Yount, and S. H. Buckley defendants Pending this suit, Taylor sued. Collins, by ordinary petition in the same court, on the

Case Stated.

McBRAYER
*vs.*
COLLINS.

note transferred to him by Yount, which suit was transferred to the equity docket, and consolidated with the suit of McBrayer against Collins; and both suits were heard together. The circuit court dismissed McBrayer's petition as to Collins, deciding that he had no lien upon the land in virtue of the note which he held on Yount, and gave McBrayer a judgment against Yount for the amount of his note.

*W. W. Penny*, for appellant—

Argued—1. That no notice was necessary to hold Collins liable for any unpaid balance of the consideration in his hands due upon the note assigned by S. H. Buckley upon Yount; or in other words, to enable McBrayer to enforce his lien on the land. (See *Hunt vs. Brand's heirs*, 5 *B. Monroe*, 62; also, *Ripperden vs. Cozine*, 8 *Ib*. 466; *Burk, &c. vs. Chrisman, &c.* 3 *Ib*. 50.)

But if notice to Collins was necessary, there is enough in the record to show that he was put upon inquiry, which is equivalent to notice. (10 *B. Mon*. 186; 4 *Litt*. 318.) Collins says he had no *personal knowledge* of the existence of any such note as that held by McBrayer, and his answer is evasive. Again: When Collins obtained the assignment of the title bond from S. H. Buckley he saw the assignment to Yount, dated 17th August, 1853, in which there is no mention of the consideration of the assignment being paid, except as to $900; and that was the consideration agreed upon by the parties. This was sufficient to put Collins on the inquiry. If the whole consideration of the assignment had been acknowledged to have been paid, it would have been *prima facie* evidence of the fact. (*Gully vs. Grubbs*, 1 *J. J. Marshall*, 389.) What representations Yount made to Collins when he assigned the title bond does not appear, nor is it material. It was the duty of Yount to have ascertained from Buckley whether he had any claims upon the land. If he failed to do so, it was his own fault. (See *Russell vs. Petre*, 10 *B. Mon*. 186.)

The court therefore erred in dismissing McBrayer's petition against Collins. Collins paid Taylor $200 on the note assigned to Taylor by Yount before the note fell due; after that payment was made, Collins admits that McBrayer told him of his note, and notified him to pay no more of the note which Taylor held.

*John Draffin,* for appellee, Collins—

It will be seen by this court, on examination of the note of James W. Yount to S. H. Buckley, that it shows on its face that it was given for land that he had bought of Buckley, and if McBrayer then held this note of Buckley's, and intended to enforce his lien, (if he had any,) he should have then made it known to Collins. As he did not then do so, he will not be suffered now to set up his claim against the land. But if this court should think otherwise, then the question is, shall Collins be compelled to pay off his note to Taylor, which is for a part of the purchase money for the same land bought of Yount, and on which Collins has paid two hundred dollars? When was this note assigned to McBrayer by Buckley? There is no date to the assignment of the note, and no proof of the time it was assigned, or any proof that he was the owner of the note until after the execution of the deed and the payment of the two hundred dollars to Taylor. There is no evidence in this record showing that Collins had any information of the existance of this claim of McBrayer until after he had made his purchase, paid the money, with the exception of the note to Taylor, and not until he had paid a part thereof. The question for this court is then: Has McBrayer, (under the facts and circumstances of this case as is shown by the record,) a right or lien on the land of Collins for his debt? If so, then *is he* also bound to Taylor? This court says in the case of *Voorhies vs. Instone, &c.* 3 *Bibb,* 354, "that a purchaser without notice of an equitable lien 'on land does not take it subject to such lien." There

McBrayer
vs.
Collins.

is no evidence in this record conducing to prove notice to Collins. Notice to a sub-purchaser that a part of the purchase money of his vendor is not paid, is necessary before his lien could be enforced. (*Clark vs. Hunt*, 3 *J. J. Marshall*, 562.) A vendor has no lien for a balance of the purchase money against a sub-purchaser, unless the sub-purchaser has either actual or constructive notice of the non-payment of the purchase money. (*Woodward vs. Woodward*, 7 *B. Monroe*, 117.) *A remote vendor* of a title bond is not bound to look further than to see that the legal title in the land has passed by assignment, to avoid liens of previous assignees. (*Anderson's adm'r. vs. Wells, &c.* 6 *B. Monroe*, 542.)

Collins is willing and ready to pay the residue of the purchase money to McBrayer or Taylor; but he is unwilling to pay both debts. McBrayer relies on the case of *Ripperden vs. Cozine, &c.* 8 *B. Monroe*, 465, for enforcing his lien on the land, and not for the unpaid balance of the the purchase money. This case authorizes no such course. The principle settled in the case is this: The first vendor has a lien on the land for the unpaid balance of the purchase money of the last vendor against the intermediate equities.

Feb. 6, 1858.

Judge Simpson delivered the opinion of the court.

In the case of *Anderson's adm'r. vs. Wells*, 6 *B. Mon.* 541, it was said by this court, that if a lien for the consideration exist in favor of the assignor of a bond for a title, against a remote assignee *with notice*, the lien is sustained only in analogy to the lien which exists in favor of the vendor who has conveyed by absolute deed, and can be carried no further. The reason for this doctrine is, that the assignment of the bond for a title, is a transfer of the *legal title* to the same, and, as effectually invests the assignee with all the assignor's interest therein, as an absolute conveyance invests in the vendee all the vendor's interest in the estate conveyed.

As therefore under the operation of the present law, a vendor has no lien, unless it be expressly stated in the deed what part of the purchase money remains unpaid, (*Revised Statutes*, 543,) it would seem to follow, if the lien of the assignor of a title bond is only sustained in analogy to the lien which a vendor has who has conveyed by absolute deed, and can be carried no further, that it is necessary to the reservation of a lien in his favor, that the assignment should expressly state what part of the purchase money remained unpaid.

But we do not deem it necessary to decide this question at this time, for if it be conceded that a lien did exist while the property remained in the hands of Yount, and would have followed it into the hands of Collins, his vendee, if he had purchased with notice, still we are of opinion that under the circumstances of this case, it cannot be enforced against Collins, the present owner of the land.

There is no proof of either actual or constructive notice to Collins before he purchased, of the existence of the lien now attempted to be asserted by the plaintiff. The statement of the amount of the consideration in the assignment of the bond from Buckley to Yount, was not sufficient to put him upon an inquiry as to its payment, inasmuch as it was not stated that any part of it remained unpaid. It did not amount to any thing more than a statement that the assignment had been made for value received. It set out the price of the purchase, but afforded no intimation that any part of it was to be paid thereafter. It did not therefore amount to constructive notice of any lien whatever upon the land.

Although the defendant, Collins, in his answer to the plaintiff's original petition only denied all personal knowledge of the existence of the debt, yet his answer to the amended petition contains a full and positive denial of any knowledge on the subject, or of any information whatever that any part of the purchase money due from Yount to Buckley remain-

MᶜBRAYER
*vs.*
COLLINS.

1. A purchaser of a title bond is protected from liability for any part of the consideration which the assignor may owe of the consideration of his purchase, if he have not notice that it is unpaid.

McBRAYER
*vs.*
COLLINS.

2. But if the assignee of a title bond has not fully paid the price to his assignor, any balance in his hands may right fully be directed to be paid to the original vendor, in discharge of the balance of the consideration upaid.

3. If the obligor in a note induce an assignee to take it, representing the demand as good and would be paid at maturity, he cannot afterwards assert an equity against the assignor to defeat the assignee in his recovery of the debt.

ed unpaid. It therefore devolved on the plaintiff to prove notice, which he failed to do.

It is true, as a general principle, that a lien can be enforced against a purchaser without notice, to the extent that the purchase money which he has stipulated to pay remains unpaid; because to that extent his purchase is not complete. And such a lien can be enforced not only while the notes for the purchase money remain in the hands of his vendor, but even after they have passed into the hands of an *ordinary* assignee.

Here however, the purchaser, before he had any notice of the plaintiff's lien, placed himself in an attitude by which he is compelled to pay the note to the assignee, who was induced to take it by his representations that the debt was good, and would be paid. He is therefore estopped to set up any equity, whether he knew of its existence or not, against the debt in the hands of the assignee. His representations of the goodness of the debt before the assignment, render him liable for it in all events, and as between him and the present plaintiff, such liability is tantamount to a payment of it before notice of the lien. Suppose, instead of executing a note to Yount for the balance of the purchase money, he had executed it directly to Taylor, would it not then, so far as his vendor was concerned, have been a substantial payment of the purchase money? The liability of Collins is precisely the same that it would have been if he had executed his note to Taylor, and if the plaintiff can enforce his lien it will be at the expense of the purchaser, who will be the looser to that extent. The lien in such cases has never been enforced to the prejudice of the purchaser without notice, but as it is wholly immaterial to him to whom he pays the balance of the purchase money, it has been given to the lien holder as having a better right to it in equity than the vendor of the purchaser, or an assignee from him, who takes it subject to all the equities that existed against it in his

hands. Here, however, the assignee did not take it subject to such equities, and this circumstance distinguishes this case from those upon which the counsel for the appellant relies.

Wherefore, the judgment is affirmed.