CHIEF JUSTICE PETERS
delivered the opinion of the court :
Appellant, who was plaintiff below, alleges in his original petition that defendant, M. G. White, bought a tract of sixty-seven acres of land in Adair county of Joseph Bardon, paid him therefor, and took his bond for a conveyance; that White afterwards sold said land to plaintiff, and assigned him the title bond of Bardon, he having paid White the purchase price; and he then sold and assigned said bond to N. W. Wells, who, at tbe time of said assignment, executed to him his note for fifty *45 dollars, due first December, 1857, tbe unpaid purchase money therefor, which note he had assigned to .Bridge-water & .Wallace, who had brought suit thereon, recovered judgment, and, upon an execution which they had caused to be issued on said judgment the proper officer had returned no property found; that he had been compelled to refund to his assignees, the amount of said judgment; that Wells was a non-resident and insolvent, and had, previous to his removal from the State, sold said land, and assigned the title bond on Bardon to Blair; and that Bardon had wrongfully, and regardless of the rights of plaintifF, conveyed the land to said Blair, who is in possession thereof by his tenant, Ford. That he, plaintiff, had a lien on the land for the unpaid purchase money when Blair bought and took the assignment of the title bond on Bardon, and that Blair had notice of his said lien; he therefore asked an enforcement of his lien and a sale of the land to satisfy his debt.
A demurrer having been sustained to the petition, and leave given plaintiff to amend the same, which he did, and in his amendment alleges that he reserved a lien on the land in his sale to Blair in a legal and proper manner, and it was so recognized by Wells and his assignee, Matney, and that Blair had full notice thereof, when he procured the conveyance of the land to be made to himself by Bardon; that he was not therefore an innocent purchaser, but took the conveyance subject to his equitable lien for his debt, which he seeks to enforce.
To this amended petition appellees also demurred, and the court having adjudged it insufficient, and plaintiff failing to plead further, his original and amended petitions were dismissed with costs, and he has appealed. The first question to be disposed of is, are the facts alleged in the original and amended petitions sufficient *46 to constitute a cause of action, or, in other words, do the allegations show that appellant had reserved a lien on the land which is enforceable in equity ?
In Anderson’s adm’r vs. Wells et al. (6 B. M., 540), this court said: “ Conceding that a lien for the consideration exists in favor of the assignor of a bond for a title against a remote assignee with notice, as was settled by the majority of this court in the case of Lyon vs. Alexander, 7 J. J. M., 289, the lien is sustained only in analogy to the lien which exists in favor of the vendor who has conveyed by absolute deed, and can be carried no further.”
“The reason for this doctrine, as was held by this court, is, that the assignment of the bond for a title is a transfer of the legal title to the same, and as effectually invests the assignee with all the assignor’s interest therein as an absolute conveyance invests in the vendee all the vendor’s interest in the estate conveyed; and it is further said, as, therefore, under the operation of the present law, a vendor has no lien, unless it be expressly stated in the deed what part of the purchase money remains unpaid (2 vol. R. S.,p. 230), it would seem to follow, if the lien of the assignor of a title bond is only sustained in analogy to the lien which a vendor has who has conveyed by an absolute deed, and can be carried no further, that it is necessary to the reservation of a lien in his favor that the assignment should expressly state what part of the purchase money remained unpaid.” (McBrayer vs. Collins, 18 B. M., 833.)
It is true the last recited case was decided on another pomtvaíí'd/.-tn.e'-immediate question now under consideration-was not then deemed necessary to be decided. But the_principle upoiywhich the doctrine rests, as enunciated in the earlier cases, was here recognized and approved.
*47 We are not aware of any case in which this precise question has been judicially determined by this court since the adoption of the Revised Statutes; but approving of the principle as recognized in Lyon vs. Alexander, 7 J. J. M., 289, and Anderson’s adm’r vs. Wells et al, 6 B. M., 540, we see no reason for departing from a doctrine which is equitable in itself, and is in harmony with the expressed legislative will on the subject of liens reserved in absolute conveyances.
Appellant has wholly failed to allege, in either of the petitions, that he had reserved a lien on the land for the unpaid purchase money due him, by stating, in the assignment of the title bond to Blair, the amount remaining unpaid in express terms. Nor do we think the allegation of the amended petition, that his “lien was duly and legally reserved in his sale to Wells, and was good, legal, valid, and proper, and so recognized by Wells, Syc.,” sufficient to show that he had reserved a lien. Instead of stating the facts, what he does state is only the conclusion of the pleader.
Regarding the original and amended petitions, therefore, fatally defective, the demurrers were properly sustained.
Wherefore, the judgment is affirmed.