M. E. INGRAM, &c. v. JOHN FITZPATRICK, &c.

**Vendor and Purchaser—Deeds—Reservation of Lien.**

Where the deed is made to the assigned of a title bond of the vendor, and no reservation of the purchase money is made in the deed, the ven dors lien is thereby waived, though the title bond may have specified the reservation terms.

APPEAL FROM PULASKI CIRCUIT COURT.

March 9, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Hansford, who sold the house and lot and tract of land to Gilmer by executory contract, proves that he conveyed the property to the Allcorns by the directions of appellants who were the assignees of Gilmer, and had assigned his bond for a title to the Allcorns. He proves that he made the conveyance as he was directed, and fails to prove that appellants required any conditions, or any reservation to be made in the deed to secure the purchase price, the Allcorns owed them. If they had been the owners of the legal title and had made the conveyance to their vendees without an express reservation in the deed for the unpaid price, they would have certainly thereby lost their lien. And it is difficult to perceive why a conveyance made by Hansford, by their express direction without the legal reservation, should not have the same effect as if the deed had been made in the same manner by themselves.

Appellants have not brought themselves within the principle in the case of *Taylor v. Ford, 1 Bush, 44,* and the cases cited.

By procuring the deed to be made to the Allcorns without a reservation of their lien therein, they as effectually waived it as if they had made the deed themselves and omitted to make the reservation.

Wherefore the judgment is reversed, and the cause is remanded with directions to dismiss the petition.

*James, Owsley & Burdett, for appellants.*
*VanWinkle, for appellees.*