J. J. PRITCHOTT, &c., *v.* WM. S. HUMPHREY.

**Lien Bond—Assignment—Lien for Unpaid Purchase Money.**

The assignor of a title bond must not, in the absence of any express stipulation to the contrary, be regarded as having reserved his right to retain a lien, unless it be stated in the assignment what part of the consideration remains unpaid in express terms.

**Same.**

It not appearing that the assignment of a bond, contained an express stipulation for reserving a lien for the note, nor even that a purchaser thereunder had notice, held, that no lien would attach thereon.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

October 26, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

H. D. Rothrock, holding by assignment from James W. Sullivan, the bond of John E. Reno for title to a store, house and lot, in his possession, in South Carrollton, sold the property to L. W. Knicholas, and transferred the bond by assignment to him, and in consideration thereof, Knicholas gave his note to Rothrock for $600, and the latter transferred the note by delivery to William S. Humphrey; and Knicholas having sold the property to J. J. Pritchott and Louis Robertson, and assigned the bond to them, this suit was brought by Humphrey, asserting and seeking to enforce a vendor's lien on the property for his debt. And the court having adjudged that relief and directed a sale of the property to satisfy the debt, Pritchott and Robertson have appealed to this court.

It does not appear that the assignment of the bond from Rothrock to Knicholas contained any express stipulation for reserving a lien for the note in controversy, nor even that the appellants had notice when they afterwards purchased the property and accepted Knicholas' assignment to them, that he had not paid the consideration of the assignment of Rothrock to him.

Before the adoption of the Revised Statutes, the right of an assignor of a bond for title, to a lien for the consideration of his assignment, as against a remote assignee of the same bond, with notice, was only recognized in analogy to the lien of a vendor by an absolute conveyance; and the same analogy being preserved, since the change in the mode of reserving liens affected by section 26, of chapter 80, of the Revised Statutes, the assignor of a title bond, must not in the absence of any express stipulation to the contrary, be regarded as having reserved his right to retain a lien, unless it be stated in the assignment what part of the consideration remains unpaid in express terms (Taylor v. Ford, &c., 1 Bush, 44).

The assignment of the bond, by Rothrock to Knicholas, therefore imparted no lien on the property which should have been enforced in this action.

Wherefore, the judgment is reversed and the cause remanded for a judgment not inconsistent with this opinion.

*Eaves, for appellants.*