CASE 68—EQUITY—MARCH 19, 1881.

# Bradley v. Curtis, &c.

### APPEAL FROM ROBERTSON CIRCUIT COURT.

1. The assignee of notes for purchase-money for land, the lien being carried by the assignment, does not waive his lien by accepting personal security, unless it appears that he intended so to do.
2. The lien passed as an incident to the assignment.
3. As long as purchase-money can be traced, no matter how often the evidence of the debt be changed, the lien therefor cannot be defeated by a claim to a homestead.

W. BUCKLER FOR APPELLANT.

1. The purchase-money due for the land must be paid before a homestead can be allotted. (Sec. 9, art. 13, chap. 38, Gen. Stat.)
2. The sixteenth section provides that the homestead exemption shall not apply to sales under execution, attachment, or judgment at the suit of creditors, if the debt or liability existed prior to the purchase of the land.

CHAS. LYTLE AND CLARK & SIMON FOR APPELLEES.

The taking of personal security creates a novation, and the lien upon the land for purchase-money is waived, if it ever existed. The notes are not in fact for purchase-money.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellee, Ashcraft, sold twenty acres of land to the appellee, Curtis, in consideration of $298.50. The latter executed three promissory notes of equal amounts therefor to the former, who made to him a title-bond for the land, and thereafter assigned the notes to the appellant, Bradley, who, after holding them for some time, accepted three new notes for the principal, and interest at the rate of ten per cent. of the aforementioned notes, with appellee Ashcraft as surety thereon for Curtis, and took from them a mortgage on the twenty acres, and on nine and a half acres belonging to Ashcraft, to secure their payment.

It is stated in the mortgage that the right to the land under the homestead law is waived and conveyed to appellant, and that the sum for which the notes were given "is the purchase-money of the land that is set forth in this article."

The wife of Curtis did not join in the mortgage, and the twenty acres are not worth $1,000. The appellees pleaded, and the court below held, that the above facts constituted a waiver and satisfaction of the lien for the purchase-money, and that Curtis was entitled to a homestead in the twenty acres, and decreed a sale of the nine and a half acres to pay appellant's debt. From that judgment he appeals.

It is insisted by appellees that the judgment is correct for the reasons assigned.

The adjudged cases prior to 1843 do not seem to be uniform as to whether the rule in regard to waiver of lien is based upon particular facts without regard to the intention of the party or not.

The taking of security for the payment of the purchase-money was, by the Roman law, a positive waiver of the lien. And the same facts viewed by different English and American judges, under a less stringent rule, have not been determined alike. While this uncertainty is to be regretted, the rule seems now to be very well settled that the vendor or assignee of the debt for purchase-money, with which the lien is carried by the assignment, does not waive his lien by taking personal or property security, unless the facts show he intended thereby to waive it.

This view was taken in the case of Henley v. Stemnons, &c., 4 B. Mon., 132, in which the case of Ducker & Jones v. Gray, 3 J. J. M., was reviewed, and the doctrine contended for by appellees' counsel denied.

Bradley v. Curtis, &c.

Quoting from Story's Equity, the court said, "that the question of waiver of his lien by the vendor, by taking other security, is a question of *intention* to be established or explained by the proof," and proceeded to decide, in effect, that a vendor in whom the title remained did not lose his hold upon the estate sold as a means of payment "by taking personal or *other* security for the same."

In Mackreth v. Symmons, 15 Vesey, 348, it is said: "There is great difficulty to conceive how it should have been reasoned almost in any case that the circumstance of taking a security was evidence that the lien was given up."

It was held by this court, in Lusk v. Hopper, trustee, &c., 3 Bush, 185, as the vendor had not conveyed the land to the vendee, his lien was not extinguished by renewing the note or notes for the unpaid part of the purchase-money with personal security.

The same principle was announced in the cases of Rennick v. Hendricks, 4 Bibb, 303, and Honore's ex'r v. Bakewell, &c., 6 B. M., 67.

Ashcraft executed a title-bond to Curtis, but has never conveyed to him the title to the twenty acres.

Yet it is maintained, as the appellant has lost his recourse upon Ashcraft personally, by neglecting to sue upon the assigned notes, he cannot be substituted to the rights of Ashcraft to the lien for their payment.

The lien passed as an incident to the notes by the assignment to the appellant, who thereby became entitled to the lien by which their payment was secured. (Duncan v. Louisville, 13 Bush, 378.)

And he also acquired all equitable right to all remedies for the enforcement of payment of the notes by virtue of the assignment; and "the continued subsistence of the lien

in his favor, or for his benefit, does not depend upon the existence or continuance of a personal liability of the assignor to him." (Ripperdon v. Cozine, &c., 8 B. Monroe, 466.)

The vital question, therefore, in this case, and which remains to be decided, is, did the appellant waive or intend to waive the lien which he acquired by the assignment?

The facts, as shown by the authorities cited, do not *per se* constitute a waiver; nor do we think they evidence an intention by appellant to waive his lien, but rather to perpetuate and add to it.

The mortgage expressly recognizes the debt for which the new notes were given as the purchase-money of the twenty acres of land, and in addition thereto Curtis and Ashcraft agreed to waive the right to the land under the homestead law.

As section 9, article 13, chapter 38, General Statutes, in exempting homesteads, excepts judgments for the purchase-money due therefor from its operation, it is almost conclusively manifest, from the terms of the mortgage, that the appellant did not intend to waive his lien, nor did the appellees have the right so to believe, but that the exception contained in the law was in view when the mortgage was executed.

Section 16, *Ibid*, declares that the exemption shall not apply "if the debt or liability existed prior to the purchase of the land." The object of this provision is to prevent the use of property or money obtained on credit in purchasing lands and claiming them under the homestead exemption laws.

The debt evidenced by the new notes, save any usury that may have been embraced in them, was created simulta-

neously with the purchase, and was a part of that transaction, and it must be treated as existing prior to the purchase of the land, and within the spirit of the statute, because no purchase of the land could have been made without first creating the liability to pay for it.

To hold otherwise would defeat the purpose of the provision of the statute against the injustice which the facts of this case accurately illustrate.

The right to a homestead is purely statutory.

And without reference to liens or their priority, in pursuance of the policy which forbids the consumption of another's substance in procuring a homestead, without remunerating him, declares, in effect, that no homestead shall be exempt until the purchase-money therefor be paid.

And so long as it can be traced, no matter how often the evidence of the liability therefor may be altered, the enforcement of the lien for its payment cannot be defeated by the homestead plea, unless the lien has been waived which presents a question of intention to be determined by the facts of each case.

The appellant, without the knowledge of Curtis, purchased a note on him from Taylor.

Thereafter Curtis made a payment to appellant without directing him to credit it on the mortgage notes.

At the time of the payment, Curtis was ignorant of the assignment by Taylor of the note, and the appellant said nothing to him about it, and appropriated the payment to its discharge.

If Curtis had been advised of the assignment at the time he made the payment, in the absence of directions by him, the appellant could have legally appropriated it.

But he had no right to conceal from Curtis the fact of the assignment, and exercise the power of appropriating the payment to the discharge of the note, when Curtis must necessarily have supposed, and the appellant known, that he was making the payment on the mortgage notes.

He could not thus withhold from Curtis the intelligence which would have made an express appropriation of the payment by him necessary, and then by taking advantage of his own wrong, make it himself against Curtis' consent.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.