Case 25—EQUITY—May 12, 1883.

# Purcell, &c., v. Dittman.

APPEAL FROM NELSON CIRCUIT COURT.

1. D. and wife bought of P. a tract of land, upon which H., who sold to P., held a vendor's lien for $1,000. By agreement of parties, H. accepted the note of D. and wife and retained his lien, and then P. conveyed to the wife of D., the appellant acknowledging the payment of $1,500, one thousand of which was the debt to H. as vendor.

Purcell, &c., v. Dittman.

2. The debt really existed prior to the purchase of the land, and under the statute appellant has no homestead right as against it.

3. Although appellant was a married woman when she executed the note, she cannot hold the land and at the same time repudiate the contract.

C. T. ATKINSON FOR APPELLANT.

1. The general rule is, that where a person laboring under any disability is in possession of the consideration, and desires to disaffirm the contract, he must make restitution. To obtain equity, he must do equity. If appellee desired to hold the land, she should pay the purchase-money. This she has neither offered to do nor even suggested. (Hunter v. Duvall, 10 Bush, 448; 4 *Ib.*, 438; 6 *Ib.*, 541; 12 B. Mon., 333; 10 Bush, 220.)

2. No homestead exemption applies to this, because the demand against her is for purchase-money, and accrued simultaneously with, if not before, the conveyance of the land. (Gen. Stat., ch. 38, art. 13, secs. 6 and 9; *Ib.*, ch. 104, sec. 8.)

JOHN S. KELLEY FOR APPELLEE.

1. When the note was executed appellee was a married woman. The doctrine is, that the note of a *feme covert*, unless given in reference to her separate estate, is void. (Robinson v. Robinson's trustee, 11 Bush, 178; 2 *Ib.*, 320; 3 Met., 506; 10 B. Mon., 282; 10 Bush, 94.)

2. The note which Harned held has no connection with the purchase of the land.

3. The homestead exemption is to enable the head of the family to secure it as a support, and it is immaterial whether the head of the family be a man or a woman. (Allensworth v. Kimbrough, 79 Ky.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

February 10, 1872, appellee, Elizabeth Dittman, and her husband, Charles Dittman, purchased of Jacob Pittman a tract of 113 9-10 acres of land in Nelson county, the consideration being $2,500.

At the time of the purchase Pittman owed Henry Harned $1,000, the payment of which was secured by a lien upon the land; but, by agreement between the parties, Harned accepted the promissory note of the Dittmans, husband and wife, with Denis Purcell and G. W. Fryrear as sureties, for that amount, releasing Pittman and the land therefrom, and

thereupon Pittman executed and delivered to Elizabeth Ditt-
man a deed for the land, and shortly thereafter they took
possession.   In the deed Pittman acknowledges a cash pay-
ment of $1,500, $500 of which was actually paid to him,
and the residue was the $1,000 due to Harned, for which
the note had been executed as before mentioned.   The bal-
ance of the purchase price was subsequently paid, whether
by the husband or wife does not appear.

In 1875 Harned recovered judgment for the amount of
the note, and interest, against Elizabeth Dittman, her hus-
band, Charles Dittman being then dead, against the admin-
istrator and appellants, heirs-at-law of Denis Purcell, who
was also then dead, and Fryrear.

Upon that judgment an execution was issued and levied
upon the land descended to appellants from their father,
Denis Purcell, and also upon 13 9-10 acres of the tract con-
veyed to appellee by Pittman, the residue of the tract, 100
acres, being laid off to her as a homestead by commission-
ers selected by the sheriff for that purpose.   Subsequently
a sale of the property levied upon was made, and the sum
of $41 realized from the 13 9-10 acres belonging to appel-
lee Elizabeth Dittman, and the balance of the execution,
$1,062.81, was made by the sale of land belonging to appel-
lants.

The other surety, Fryrear, having afterwards repaid to
appellants the half he was liable to contribute as co-surety,
they have brought this action against Elizabeth Dittman,
her children, some of whom are infants, being made parties
defendant, to subject the 100 acres set apart as a home-
stead to the payment of the sum of $531.40, being the one
half of what they and Fryrear have been compelled to pay

Purcell, &c., v. Dittman.

of the Harned debt.   And judgment having been rendered dismissing the petition, this appeal is prosecuted.

The action was brought by appellants alone; but as no objection is made because the co-surety, Fryrear, was not made a party, and the questions involved by this appeal can be considered and determined without prejudice to his rights, he is not a necessary party here.   Counsel for appellees contend that Elizabeth Dittman, being a married woman at the time the note was executed, it is void as to her. That is true; but the record shows that, after the death of her husband, she was sued upon the note, and making no defense, a judgment was rendered against her, which yet stands unquestioned.   By that judgment she is bound, notwithstanding the note may have been void as to her.

But even if there had been no judgment, upon principles of equity and justice she should not be permitted to repudiate her contract, and at the same time enjoy the land obtained by her upon the faith of that contract.

If she can successfully resist the subjection of the land to the payment of the debt claimed by appellants at all, it is upon the sole ground that it is by statute exempt as a homestead; and whether it is so or not, is the only question.

By the statute there is exempted from sale under execution, attachment, or judgment, except to foreclose a mortgage given by the owner of a homestead, or for the purchase-price due therefor, so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value one thousand dollars.   (Section 9, article 13, chapter 38, General Statutes.)

But by section 16 of the same article it is provided that the exemption . . shall not apply if the debt or liability existed prior to the purchase of the land.

There are three states of case where the homestead exemption right cannot be relied upon against a debtor: first, when a mortgage has been given by the owner; second, when the debt is the purchase price due for the land; and third, when the debt or liability existed prior to the purchase of the land. There is no mortgage lien in this case. Nor do we deem it necessary to decide whether the debt sued on may be considered as the purchase-price for the land. But construing the statute so as to give effect to the plain and obvious intent of the legislature, we are of the opinion the debt or liability in this case did exist prior to the purchase of the land.

This court, in the case of Bradley v. Curtis, 79 Ky., 327, used the following language in reference to section 16:

"The object of this provision is to prevent the use of property or money obtained on credit in purchasing lands and claiming them under the homestead exemption laws. The debt evidenced by the new notes . . . . was created simultaneously with the purchase, was a part of the transaction, and it must be treated as existing prior to the purchase of the land, and within the spirit of the statute, because no purchase of the land could have been made without first creating the debt or liability to pay it."

In this case the debt due Harned existed as the debt of Pittman while he owned the land, and was an incumbrance on the land that had to be removed before Pittman could sell and convey to Mrs. Dittman.

To enable Pittman to sell and convey, Harned agreed to accept the note of Mrs. Dittman and her husband, with security, in lieu of Pittman's note, and Pittman agreed to accept and acknowledge as payment, *pro tanto*, to him the assumption by Mrs. Dittman and husband of the Harned

·debt. All this was simultaneous, if not before the convey-
ance or the purchase of the land. The debt due Harned
being, as it must be, treated as existing prior to the purchase
of the land, the homestead exemption did not apply as
against Harned; and appellants having been compelled to
pay that debt, according to plain and just rules of equity,
should be substituted to Harned's rights.

Wherefore the judgment is reversed, and cause remanded
for further proceedings consistent with this opinion. ·