Sarah Broomfield *v.* R. B. Broomfield, et al.

. [Abstract Kentucky Law Reporter, Vol. 7—221.]

**Antenuptial Contract.**

> A contract entered into after marriage can not be held binding as an antenuptial contract but the evidence in this case conduces to show that the contract was made and executed before the marriage.

**Homestead Rights.**

> Where a note is given for borrowed money to pay a part of the purchase money of a tract of land and to secure its payment a lien was given on the land the same day, the purchaser can not claim a homestead in the land against such note.

APPEAL FROM MARION CIRCUIT COURT.

September 15, 1885.

Opinion by Judge Lewis:

About 1872, Nancy Broomfield, deceased, and her husband, R. B. Broomfield, purchased of Cundiff's heirs a tract of land, a life estate in which was, March 1, 1876, conveyed to him, she being then dead, and the interest in remainder to their children.

In October, 1877, R. B. Broomfield and Sarah Broomfield became husband and wife. And this is an action by the wife to subject the land to the satisfaction of two notes which she holds by purchase, as she contends, as her separate estate, and by assignment. One of these notes is for $500, executed in 1872 by Nancy Broomfield and R. B. Broomfield to one Scott, and the other is for $250, executed in 1872 by R. B. Broomfield and appellants, the children of R. B. and Nancy Broomfield, deceased, to one of the Cundiff heirs for the land.

The main controversy in this case is as to the date of the execu-

tion of a marriage contract between appellee, Sarah Broomfield, and appellant, R. B. Broomfield, the former contending that it was before and the latter that it was after the marriage. By the terms of the contract which was written by R. B. Broomfield, and dated September 21, 1871, before the marriage, he agreed that she might hold all her personal property in her own right and for her own benefit, separate and apart from his and that he was not to dispose of any part of it without her consent or against her will.

The evidence is somewhat contradictory as to the time when the contract was actually written and signed by them. But it seems to us that, considering the attitude the husband has as a witness placed himself in, and his own act of dating the contract previous to the marriage, there is very little reason for adopting his version in preference to that of the wife. As the contract stands it was written by him and is dated previous to the date of the marriage. And in order to conclude it was actually written and signed by the parties to it six months after, as he testifies, we have to give credit to his almost unsupported and stultifying statement that he wrote and signed it after the marriage for the fraudulent purpose of defeating and cheating his own creditors. On the other hand, two witnesses, one of them not being at all impeached, testify that the parties upon their marriage agreed to make the contract. Whether the husband in this case is a competent witness need not be decided, because even admitting his evidence, and giving it all the weight it is entitled to, the contract should be considered as having been made before the marriage.

There does not seem to be any contention about the note for $250 nor is there any reason why the land should not be made subject to its payment, for a lien upon the land is expressly reserved in the deed for that purpose.

The note for $500 was attempted to be secured by a mortgage on the land purchased by Cundiff's heirs, signed April 1, 1872, by Nancy and R. B. Broomfield, the date of the note. But it is contended that it was never acknowledged by either of them in the manner required by law before being recorded, and therefore is not valid.

We are satisfied that the instrument is not valid as a mortgage as it is presented by the record. But the fact is not, in our opinion,

conclusive against the right of appellee to subject the land to the payment of the note.

It is stated in the note that it was given for borrowed money to pay a part of the purchase-money on a tract of land, and to secure the payment a lien was given the same day on the land. And there can be no question but that the land referred to is the Cundiff land, which appellee is seeking in this action to subject.

If it be true the money for which the note was given was borrowed and used to pay for the land now sought to be subjected to the payment of it, then as has been heretofore held by this court, appellant can not claim a homestead in the land against the note. *Bradley v. Curtis,* 79 Ky. 327, 2 Ky. L. 329.

Judgment *affirmed.*

*W. E. & S. A. Russell, for appellant.*

*Rountree & Lisle, for appellee.*

[Cited, *Murray v. Davis,* 9 Ky. L. 508, 5 S. W. 569.]