CASE 62—ACTION TO ENFORCE CONTRACT FOR SALE OF LAND—MAY 11.

# Brown v. Blankenship, &c.

APPEAL FROM MAGOFFIN CIRCUIT CORT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

VENDOR AND PURCHASER—ASSIGNMENT OF TITLE BOND—LIEN OF VENDOR—FAILURE OF TITLE BOND TO SHOW UNPAID PURCHASE MONEY—ACCEPTANCE OF ADDITIONAL SECURITY.

Held: Where the vendor surrendered the purchaser's note for the price, and accepted in lien thereof the joint note of the purchaser and W., embracing therein also the price of land sold to W., he waived his lien, as against a subsequent purchaser who took an assignment of the title bond, which failed to show that any part of the purchase money remained unpaid.

D. D. SUBLETT, ATTORNEY FOR APPELLANT.

1. None of the pleadings of the appellees are sufficient to authorize the judgment. Moore v. Moxley's Admr., 19 Rep., page 160.
2. If the pleadings are sufficient to authorize the judgment, it is erroneous, as the appellee, Blankenship lost the lien before he assigned it away, and no lien existed on the land when appellee Prater became the owner of it, by his acceptance of the note of Woodson Allen and Hayden Allen for $1,110, the lien was lost, as it was not a renewal of the note or indebtedness of Hayden Allen to appellee, but an entirely new note executed for the accommodation of Blankenship. Muir v. Cross, &c., 10 B. Mon., 277; Ducker & Jones v. Gray, 3 J. J. Marshall, 163; Gaines, &c., v. Casey, &c., 10 Bush, 92; 12 Bush, 101 and 287; McBrayer v. Collins, 18 B. M., 664; Taylor v. Ford, 1 Bush, 46.

W. H. HOLT, ATTORNEY FOR APPELLEE.

1. This money is owing beyond a doubt.
2. The appellee took the assignment of the bond with notice that it was owing and a lien on the land.
3. Grant that the surrender of a lien note, and the acceptance in lieu of it a note on a stranger, extinguishes the lien note; that is not this case; that is not a renewal.
4. Evidently it was not the intention to waive the lien nor was this the agreement of the parties. Taylor v. McMillin's Admr., 3 Ky., Law Rep., 465; Bradley v. Curtis, 79 Ky. Law Rep., 327.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The appellant instituted this action in the Magoffin Circuit Court against the appellee Blankenship, seeking to obtain a judgment for a conveyance of a certain boundary of land, or to recover $700, the penalty provided for in the title bond sued on; appellant being the assignee of Haden Allen, to whom the bond was executed. The bond sued on reads as follows: "Bond for Title. March —, 1893. I, W. H. Blankenship, bind myself to make or cause to be made to Haden Allen, in the sum of $700, a good and sufficient deed to a certain tract and parcel of land lying and being in Magoffin county, Ky., on the waters of Lick creek, a tributary stream of Licking river, beginning on a hickory on top of the hill opposite the Rube Howard hollow; thence up the ridge to the Francis line; thence down the hill to the branch; thence up the branch to the top of the hill; thence down the ridge to the beginning. [Signed] W. H. Blankenship." On said bond is the following assignment: "I hereby assign the within benefit of title bond to J. L. Brown. This July 13, 1894. [Signed] Haden Allen. Attest: A. P. Atkeson." It is substantially alleged in the answer of Blankenship that he sold said land to said Allen for the sum of $325, and that Allen paid him

$165, and the said Haden Allen, with his father, Woodson
Allen, executed their joint note for the balance of the pur-
chase money for the said land, together with $900 balance
on the land sold to Woodson Allen; that there is still re-
maining on said land sold to Haden Allen $210, which was
due October 1, 1894; that he indorsed and assigned it to
Booker Osborne, who assigned it to W. T. Prater, and the
same is due and payable to said Prater on said land; that
Prater has a vendor's lien upon said land for said purchase
money; that Allen is an infant under the age of 21 years,
and the assignment of said bond to plaintiff is not binding
on the said Allen; that he is ready and willing to make a
deed to whom the court may direct when the purchase
money is paid.  He asked that his answer may be made
a cross petition against the said Allen, and that the court
appoint a guardian *ad litem* to represent said Allen, and
that he be required to answer herein.  The appellee Pra-
ter filed his answer and cross petition, and was made a
party.  The substance of his answer is that he is the holder
of a note for $1,110, dated June 1, 1894, executed by Wood-
son Allen and Haden Allen to the appellee Blankenship,
who assigned it to Booker Osborne, who assigned it to
Prater, by which the said Allens promised to pay $1,110
to Blankenship four months after date for land, but have
only paid $900 of said money; that the note was executed
for a certain tract of land, together with the tract de-
scribed in the petition, and the $210 balance on said note
is the balance of the purchase price of the said land sold
to the said Haden Allen; that said Blankenship sold the
land in the petition mentioned to Haden Allen for the sum
of $——, for which the said Haden Allen paid $——, and
at the same time Woodson Allen owed $900 on land sold to
said Woodson Allen, and the said Haden and Woodson Allen

aggregated said two amounts, and executed their joint note
for $1,110, as aforesaid; that Blankenship executed his ti-
tle bond to each of said Allens for land sold to each of
them; that Woodson Allen has paid all the purchase price
on the land he purchased of Blankenship, and that the $210
is the balance of the purchase price on the land Haden Al-
len bought of the defendant. He made this answer a cross
petition against the Allens, and prayed judgment against
them for the amount claimed, and for a sale of the land
mentioned to pay the same. He also filed the note for $1,-
110, which note reads as follows: "Four months after date,
we, or either of us, promise to pay to the order of W. H.
Blankenship $1,110, negotiable and payable in the Traders'
Deposit Bank, Mt. Sterling, Ky., with 10 per cent. after ma-
turity; this being for value received of him in lands. This
June 1, 1894. [Signed] Woodson Allen. Haden Allen."
Said note is indorsed: "Cr. by saw logs, $900, August 24,
1894. I assign the benefit of the within note to Booker
Osborne. This June 30, 1894. W. H. Blankenship." And
on said note is the further indorsement: "For value re-
ceived, I assign the within note for the use and benefit
of W. T. Prater. July 11th, 1894. Booker Osborne." The
appellant filed demurrers to the answers of Blankenship
and Prater, which were finally sustained. After which,
Prater and Blankenship amended their pleadings, and the
demurrer to the same as amended was overruled. It ap-
pears that the Allens filed their separate answers herein
and the affirmative matter ordered to stand traversed of
record. In a note by the clerk, it is stated that these
answers were not in the files. It further appears that
the Allens came in person and moved the court to permit
them to withdraw their separate answers filed herein, to
which the plaintiff objected, and it does not appear that the

court passed on said objection.  The appellee Blankenship
was permitted to file an amended answer, in which, after
withdrawing the statement that he sold said land to Ha-
den Allen for $375, he then stated that he sold the two
Allens his farm for $1,775, and then said Allens divided
said land, and Haden Allen took the land in controversy,
and Woodson Allen the balance, and for same they paid
him $669 in hand, and for their accommodation he deliv-
ered to said Haden Allen the bond filed in this suit, and ex-
ecuted to Woodson Allen the title bond for the balance
of the farm, and, by Allen's request, took a note executed
by Woodson Allen for $900, and Haden Allen's note for
$206 for the balance purchase money on said farm, and de-
livered back to them the two notes of $900 and $206, and
that the said Allens then executed the note of $1,110.
He says that said Allens paid to W. T. Prather, August
24, 1894, $900.  It is further alleged that plaintiff knew
these facts before he purchased the land, and that said
Allens owed the balance of $210 purchase price of said
farm sold to said Allens.  He also tendered a deed which,
of course, retained a lien for the money claimed to be
due.  The defendant Prater was also permitted to amend
his answer and cross petition, in which he substantially
makes the same allegations as to the transaction made
by Blankenship in his amended answer.  The reply of
Brown pleads the transaction had between Blankenship
and the Allens as an extinguishment of his lien, if ever he
had any, on the land in controversy.  The reply also
traverses the averment that he had any notice of the
transaction set up by Blankenship; denies that Allen
owed the balance of $210 of the purchase price; denies
Prater's lien, that, at the time he bought the land of
Haden Allen, Allen represented to him that he had

paid or extinguished the note for purchase money on the land by giving his father as security, or having him sign a note jointly, payable in bank, and that there was no purchase-money lien against the land; that Haden Allen presented and delivered to this plaintiff the note he had given for the land for $206 as purchase money, saying at the time that he had satisfied the lien by the negotiable note signed by himself and father; that plaintiff is therefore a purchaser of said land without notice of defendant's lien or any lien. The reply to the answer of Prater may be taken as a traverse of all the averments therein which show any right to recover in behalf of Prater. The rejoinder of Prater and of Blankenship may be considered a traverse of the affirmative matter contained in the reply. The appellees were afterwards permitted to file an amended answer, in which it was substantially alleged that appellant had notice of the lien claimed by Prater, and agreed to pay the same, which was denied by reply. The plaintiff also, by amended reply, denied that the said Allens, or either of them, signed or delivered the note sued on by Prater, and that neither of them ever authorized any one to sign the note for $1,110, or that the same is their act or deed. The court, upon final hearing, rendered a judgment against the Allens in favor of Prater for $210, with interest from October 1, 1894, until paid, and further adjudged that Prater has a vendor's lien on the land described in the petition. And from that judgment, appellant prosecutes this appeal.

It is insisted, among other things, for appellant, that taking security for the payment of the Haden Allen note extinguished the vendor's lien, if any he had, on the land. It is also insisted that the pleadings of Prater are insufficient; but it seems to us that the issues were finally made

up. The testimony as to what occurred between appellant and Haden Allen at the time of the assignment of the title bond in question is conflicting. There is no evidence to sustain the plea of appellees that appellant undertook or promised to pay the note in question. The circumstances surrounding this case tend very strongly to sustain the contention of appellant that the lien, if any ever existed, was extinguished by the execution of the note in suit. It is certain that Blankenship at one time held the $206 note on Haden Allen as balance purchase money on the land in question, and that he surrendered that note, and, according to his own showing, took a new note, in which was included the $900 due from Woodson Allen, changed the time of payment, and made the note negotiable in bank, and calling for 10 per cent. interest.

In Gaines v. Casey, 10 Bush, 92, we quote fom the syllabus: "Where the holder of a note, secured by a lien on land, accepted in its stead another note executed by the debtor with personal security, the lien was thereby released, even though it was agreed verbally that it should be retained. Ducker v. Gray, 3 J. J. Marsh. 163." In the case *supra* it appeared that E. N. Casey and Mary Judy made a joint purchase of a house and lot in the town of Walton for the sum of $2,000, all of which was paid in hand, except the sum of $523, and for this amount Casey executed to the vendor, Edwards, his individual note, the deed made for the property retaining a lien to secure its payment. The note was sold by Edwards to Hind, and the latter afterwards surrendered the note to Casey, and took in lieu thereof Casey's note, with Mary Judy as surety. The court, in discussing the question, said: "It is clear that Hind's acceptance of the note of Casey with surety released the lien on the land, although there might have

been a verbal agreement at the time by which this lien
was to be retained. The lien, by the express provisions
of the statute, must be retained in the deed, and no verbal
agreement or writing evidencing its existence can operate
to the prejudice or affect the rights of third parties."
This court, in Taylor v. Ford, 1 Bush, 44, quoting from the
syllabus, said: "In the sale of land and the assignment
and delivery of the bond of a third party for the convey-
ance thereof, no lien exists or is created upon the land
for unpaid purchase money, unless the amount remain-
ing unpaid is set forth in express terms in the assignment
of the bond, or a lien is therein expressly retained." The
court, in discussing the question, said: "In Anderson's
Adm'r v. Wells, 6 B. Mon. 540, this court said: 'Conced-
ing that a lien for the construction exists in favor of the
assignor of a bond for a title against a remote assignee
with notice, as was settled by a majority of this court in
the case of Ligon v. Alexander, 7 J. J. Marsh. 289, the
lien is sustained only in analogy to the lien which exists
in favor of the vendor, who has conveyed by absolute deed,
and can be carried no further.' " It seems to us that the
decision in Gaines v. Casey substantially settles the law
to be that Blankenship by the transaction with Haden
Allen lost any right to assert a lien upon the land in con-
troversy to the prejudice of third parties. It is, however,
insisted for appellee that this court in Bradley v. Curtis,
79 Ky. 327, has, in effect, settled the rule to be that tak-
ing personal or property security for the payment of a
purchase-money note does not release the vendor's lien,
unless such was the intention of the holder of the note.
It will be seen from the opinion in the case *supra* that the
purchaser of the land was seeking to hold the land so
purchased as a homestead; and his contention was that his

vendor, Ashcraft, had assigned the note to Bradley, and
that Bradley had accepted three notes for the principal and
interest, at the rate of 10 per cent., with Ashcraft as
surety for Curtis, and took from them a mortgage on the
twenty acres bought by Curtis from Ashcraft, and also
on nine and one-half acres belonging to Ashcraft, to se-
cure the payment of the renewal notes. The wife of Cur-
tis did not unite in the mortgage, and the twenty acres
not being worth over $1,000, Curtis sought to hold the
same as a homestead. This court adjudged that this
transaction did not operate to release the vendor's lien on
the twenty acres,—it being a well-settled rule of law that
the assignment of a note carries with it whatever lien ex-
ists to secure its payment. It is true that this court has
repeatedly held that, as long as the purchase money can
be traced in the renewal notes, the lien is not extinguished
simply by the renewal of the evidence of the debt. But
this doctrine applies only to debts for which a legal and
valid lien existed. Section 2358, Kentucky Statutes, reads
as follows: "When any real estate shall be conveyed, and
the consideration or any part thereof remains unpaid, the
grantor shall not have a lien for the same against the
*bona fide* creditors and purchasers, unless it is stated in
the deed what part of the consideration remains unpaid."
It will be found, upon examination of the decision herein-
before referred to, that as to third parties the court seems
to recognize that the same rule as to liens for purchase
money should be applied to title bonds as is required in
respect to deeds, so far as liens for purchase money are
concerned. It will be seen that the title bond sued on in
this action contains no statement at all indicating that
any purchase money remained unpaid. On the contrary,
the inference would seem to be that Blankenship had

bound himself unconditionally in the penal sum of $700 to make to Allen a deed to the land. It will also be seen from the statute *supra* that no reference is made as to personal notice of any assumed lien. But, as before stated, it does not at all satisfactorily appear that appellant had any notice of an asserted lien; but, on the contrary, the delivery of the original purchase money note and stipulations of the bond authorized him to believe that no lien existed, or was in fact claimed by any one to exist, upon the land. We are further of opinion that the transaction had between Blankenship and the Allens extinguished any lien as to third parties that Blankenship held prior to the said transaction, if any had. For the reasons indicated, the judgment appealed from is reversed, and cause remanded, with directions to enter a judgment in favor of the appellant for a conveyance of the land by general warranty, free from any and all liens, and for proceedings consistent herewith.