Chief Justice Robertson
delivered the Opinioo of the Court/
Bohannon,—hrtlding. four judgments against Edwards, on notes given to himself, for a tract of land which he }iacj covenanted to convey, and on other notes given to _ _ , George T. Cotton, in consideration of a covenant by jjjm Edwards, for a title to another tract of land, and , which latter notes had been assigned to Bohannon—filed a tdH 111 chancery, for subjecting the equity of Edwards to the satisfaction of the judgments, and obtained a decree for ).f,e sa]e 0f (]ie equity in each tract: which de-i cree Edwards now seeks to reverse.
The bill alleges, that the title to one of the tracts is in Bohannon, and that the title to the other was in George T. Cotton, and descended, as we infer, to his heirs.—; There is nothing in the answer of Edwards which, " when ProPer'y understood, should be deemed mconsisf.ent with that allegation in the bill. The vague and incidental suggestion, in the answer, as to Bohannon’s title to both tracts, should be understood as intended *99 to mean only that, as Cotton’s covenant for a title had been pledged to Bohannon, therefore, in that respect, the right was in him, (Bohannon.)
If the vendor of land holds a note, with an equitable lien for the purchase mo ney, his assignment ofthe note carries the equitable lien with ifc
A proper and consistent interpretation of the bill and answer will allow no oflier deduction, than that the legal title to one of the tracts is in Cotton’s heirs. Those heirs were not made parties. They were necessary parties — whether the object of the bill was to proceed altogether under the thirty seventh section of the act of 1S2S, or merely to enforce an equitable lien In either aspect, a sale should not be decreed, unless the chancellor, by having the holder of the legal title before him, can be able to confer on the purchaser a perfect right.
If the object of the bill should be deemed to be, as its style and tenor tend to indicate, the subjection of the equitable right under the statute of 1828, Bohannon has shewn no title to a decree; because he has neither proved, nor alleged, that there had been any return of nulla bona, or that any writ of fieri facias had ever been issued on any one of his judgments. And were this the only aspect in which the case could be viewed, it would be proper, in our mandate to the court below, to direct a dismission of the bill.
But, though the bill contains no express assertion of any equitable lien, nor any direct prayer for the enforcement of such a lien, nevertheless, as the existence of such a lien may be inferred from the facts exhibited, a decree for enforcing it might be proper under the general prayer for relief. The assignment, by Cotton, of the notes given to him, transferred his equitable lien to the assignee ; and there is nothing in the record tending to shew that an equitable lien did not result to Cotton> and Bohannon, of that it has ever been extinguished or. impaired.
We are disposed, therefore, to allow time for the proper parties to be made.
Wherefore, as there was an apparent defect of essential parties, the decree of the circuit court must be reversed,^and the cause remanded for further proceedings.