Forwood vs. Dehoney.

CASE 23—PETITION EQUITY—APRIL 26.

# Forwood vs. Dehoney.

### APPEAL FROM SCOTT CIRCUIT COURT.

1. The assignment of a note secured by a lien also assigns the lien by which it is secured.
2. Two notes being executed to the vendor, secured by lien reserved in the deed, one of these notes being assigned, as between the assignee and assignor, who still held the other note, the circuit court gave priority to the latter. *Held*—That whilst the assignee might well claim priority, it is not perceived on what principle the assignor could claim a superior lien; but as the assignee only claims a *pro rata* distribution of the proceeds of the sale of the lien property, the judgment of the circuit court is reversed, and a *pro rata* distribution ordered.

M. POLK, 　　　　　　　　　　　　　　　　For Appellant.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The only question between these parties is as to priority in the proceeds of a distillery, &c., sold by appellee to Mitchell & Hall for three thousand dollars, of which one thousand was paid and a note for three hundred and seventy-five dollars executed at four months, which Dehoney assigned to Forwood, and for the remainder Mitchell & Hall gave their acceptance, but paid neither. A lien was reserved for both.

Dehoney brought suit to enforce his lien; made Forwood a party, averring that he held the note, which was also a lien upon the distillery and fixtures, and enjoined G. M. Johnson from proceeding to sell the property under his execution, then in the officer's hands. Subsequently,

an agreement was entered of record that the sheriff should proceed to sell under said execution, but to hold the proceeds subject to the decision of the court as to priorities. The property brought but little over half the remaining unpaid purchase price, all of which was adjudged to Dehoney, and from which Forwood appealed.

As Dehoney set out the lien of Forwood, and claimed no priority over him, but did over Johnson's execution lien, it is hard to perceive upon what principle he can claim such superior lien. As both debts were lien claims, and as Dehoney held both the debts and lien, it might be well supposed, when he assigned the note to Forwood, he assigned also the lien to pay it; and, therefore, as between Forwood and his assignor, Dehoney, he might well claim priority; but upon what principle the assignor can claim priority is not perceived. Forwood, however, only claims an equal lien and right to a *pro rata,* distribution, and this he is certainly entitled to.

Wherefore, the judgment is reversed, with directions for further proceedings consistent herewith.