### JOSEPH SIMPSON & another *vs.* JOHN DAVIS.

Bristol. Oct. 28, 1875. — Jan. 4, 1876. MORTON, J., absent.

In an action upon a promissory note, in which the declaration alleges that the defendant made the note, and the answer denies this and alleges an alteration, proof of the defendant's signature is *primâ facie* evidence that the whole body of the note written over it is the act of the defendant, but the burden of proof is on the plaintiff to show that the note declared on was the note of the defendant.

CONTRACT upon a promissory note, of which the following is a copy : " $400. Fall River, Dec. 29th, 1873. For value received, I promise to pay Abel R. Davis or order four hundred dollars, with interest, six months after date. John Davis." Indorsed, " Abel R. Davis." The answer contained a general denial and alleged that " there has been a material alteration in said note since it was given, if it shall appear it was given by the defendant."

At the trial in the Superior Court, before *Pitman*, J., without a jury, the signature of the defendant was admitted, and there

was evidence tending to prove the genuineness of the indorsement. The plaintiffs thereupon rested.

The defendant then offered evidence tending to show that the words "six months after date" were not in the note when signed and delivered by him, but had been added since, without his knowledge or assent. Testimony to the same point was also introduced by the plaintiffs in rebuttal. The plaintiffs contended that the burden of proof was on the defendant to establish and prove said alteration, but the judge ruled "that the proof of the signature of a party to a note is *primâ facie* evidence that the whole body of the note written over it is the act of said party; but that such proof is merely *primâ facie*, that when, as in the present case, proper pleadings present the issue, the plaintiffs are bound to prove affirmatively that the note declared on and put in proof is substantially the note made by the defendant; and that, when proof has been offered by the defendant tending to show a material alteration, the burden of proof is with the plaintiffs, to satisfy the court, or jury, upon the whole case, that the note so declared on was in substance and effect the note of the defendant."

The judge found for the defendant; and the plaintiffs alleged exceptions.

*N. Hatheway & H. K. Braley*, for the plaintiffs.

*J. M. Morton, Jr. & J. M. Wood*, for the defendant.

ENDICOTT, J. The plaintiffs allege in the declaration that the defendant made the note declared on. This the defendant denies, and says that there has been an alteration of the note since it was given. If an alteration was made after its execution and without the defendant's consent, the note declared on is not the note of the defendant. The plaintiffs must establish that it is this defendant's note, and on this proposition the plaintiffs have the burden of proof throughout. The plaintiffs rely upon the words of Shaw, C. J., in *Davis* v. *Jenney*, 1 Met. 221, 224: "that an extension of the time was a material alteration, and that the burden of proof was upon the defendant to show the alteration." That the words are not here used in their technical sense, is evident from the paragraph that follows: "or perhaps to state this last proposition with a little more precision, the proof or admission of the signature of a party to an instrument is *primâ facie* evidence

that the instrument written over it is the act of the party; and this *primâ facie* evidence will stand as binding proof, unless the defendant can rebut it by showing, from the appearance of the instrument itself, or otherwise, that it has been altered." In *Wilde* v. *Armsby*, 6 Cush. 314, it was held that the burden of proof was on the plaintiff to show that an interlineation was made before the instrument was executed. The same rule applies as when a want of consideration is relied on as the defence to a promissory note; the burden of proof is on the plaintiff, upon the whole evidence, to establish that fact. *Delano* v. *Bartlett*, 6 Cush. 364. *Morris* v. *Bowman*, 12 Gray, 467. *Powers* v. *Russell*, 13 Pick. 69, 76. The ruling at the trial was correct.

*Exceptions overruled.*