Minsiiall, J.
We fully concur in the opinion that the judgment of the district court should be reversed and that of the common pleas affirmed; and we as fully concur in the opinion that Sharp stands in the shoes of Thompson, to whose rights he has succeeded since the commencement of the suit by Thompson; for nothing can be better settled than that one who buys into a lawsuit must abide by the case of the one from whom he purchases.
We think, however, that the decision should be placed5 not upon the ground that there is any circuity of action to be avoided, but upon the ground that as against Anderson, Thompson has no right to any part of the fund arising from the sale of the mortgaged premises until the amount due Anderson upon the notes secured by the mortgage has been paid in full. Thompson for a full consideration sold the notes to Anderson, and to secure their payment not only indorsed them, but also transferred the mortgage to' Anderson. Hence, whatever his rights may be as against Kilbourne, the mortgagor, growing out of the fact that he was compelled to pay the j udgment rendered against both of them upon the first note, he can not, without violating the plainest principles of justice, be permitted to appropriate any part of the fund arising from the sale of the mortgaged premises until it has answered the purpose for which he transferred the mortgage to Anderson. To do so would be to permit him to impair the security he gave Anderson when the latter purchased the notes and paid his money therefor.
*267 The decided weight of authority is iu support of this' view. “ When,” says Pomeroy, “ the mortgagee assigns one or more of the notes, and retains the remainder of the series, it is generally held that the assignee is entitled to a priority of lien as against the mortgagee, with respect to the note or notes so transferred; and this rule operates without regard to the order in which the notes held by the two parties mature.” 3 Pom. Eq. Juris., § 1203. And in a note to this section he adds that: “ The mortgagee having transferred the note and received the consideration therefor, it would be inequitable for him to deprive the assignee of any part of its value, by insisting upon a priority or even- an equality of right in sharing the insufficient proceeds.”
And in 2 Jones on Mortgages it is said, sec. 1701: “Where a holder of a.mortgage assigns a part of it, although he warrants only the existence of the debt at the time of the transfer, it would he contrary to good faith to permit him, after receiving tbe money for this part of the claim, to come into competition with his assignee, if the property prove insufficient to pay'the claims of both.” Again the author adds : “ Unless the intention be plainly declared on the face of the assignment that the assignee is to share pro rata in the security with the assignor, the equitable construction of it is that it must in the first place be applied for the.payment of the part of the debt which was assigned.” He cites the following eases: Waterman v. Hunt, 2 R. I. 298; Salzman v. Creditors, 2 Rob. (La.), 241, and Barkdull v. Herwig, 30 La. Ann. 618, which will be found to fully support the text. Iu the latter case the judge, delivering the opinion, says: “ It is settled that a mortgagee, who transfers part of the mortgage debt to another, can not compete with his transferee for the proceeds of the mortgaged property, where the amount is not sufficient to satisfy both ;” and quotes approvingly what is said in Salzman v. Creditors, supra, that “it would be contrary to good faith, that the vendor of a claim, after reeeiv *268 ing the price of it from the assignee, should by his own act prevent the latter from receiving the sum he has paid.”
As supporting what has been said, we cite also the following cases: McClintic v. Wise, 25 Gratt. 448; Cullum v. Ervin, 4 Ala. 452, approving the dissenting opinion of Gibson, C. J., in Donley v. Hays, 17 Serg. & Rawle, 400; Foley v. Rose, 123 Mass. 557; Forwood v. Dehoney, 5 Bush, 174.
There is no doubt but that the transfer of a mortgage, or of a note secured by it, is subject to the convention of the parties; they may stipulate that the mortgage shall inure as a security for a note or notes retained by the assignor, but in the absence of any agreement the presumption is that the assignee is to be first paid from the avails of the mortgaged property. Noyes v. White, 9. Kan. 640.
Such being the rule in cases where the mortgagee retained one or more of the notes, it must, a fortiori, be so where he not only transferred the mortgage, with all the notes secured by it, but also indorsed the latter. In such case, the fair construction of the. transaction is, that he parts with all his interest in the mortgage as a security for the notes, and personally guarantees their payment. No case presenting such a state of facts is to be found, where, as against his assignee, the mortgagee has been permitted to claim any interest in the mortgage until the amount due the assignee has been fully satisfied.
No doubt exists but that between the assignees of notes, maturing at different times and secured by the same mortgage, the holders, in the absence of any agreement to the contrary, are entitled to be paid in the order that the notes mature, and, in the case of a sale of the land, the proceeds are tobe marshaled accordingly. Bank v. Covert, 13 Ohio, 240; Winters v. Bank, 33 Ohio St. 250.
Again there is no doubt but that Thompson having paid the judgment upon which Kilbourn, the mortgagor, was primarily liable, has the right as against him to keep the mortgage on foot as indemnity for the amount so paid. The right is of equitable origin and is governed by principles of equity. Sheldon on Sub., ch. 1. It can not be *269 asserted against or to the prejudice of the creditor. Crump v. McMurtry, 8 Mo. 413. Anderson has the right to the entire fund arising from the sale of the mortgaged property, if necessary to satisfy the notes held by him. The right of Sharp, in the place of Thompson, is to succeed to the place of Anderson, by paying him the amount.due. upon the mortgage debt. Langdon v. Keith, 9 Vt. 299. Until the mortgagee has, in •such cases, redeemed the mortgage from the assignment, he can not,for the purpose of obtaining indemnity against his principal, the mortgagor, be permitted, as against his assignee, to appropriate any part of the mortgage funds. He must, in such case, be content to follow and take what is left after the assignee has been satisfied; he may glean,but can not reap the field.
Owen, C. J., and Follett, J., concur, the former upon the grounds stated in both opinions, and the latter upon the grounds stated in the opinion of Minshall, J.