## Harrison v. Pearcy & Coleman.

(Decided March 9, 1917.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Bills and Notes—Negotiable Instrument.—Under subsection 51, section 3720b, Kentucky Statutes, a holder of a negotiable note may maintain an action for its collection, although he has no financial interest therein, and it was assigned to him for collection only.

2. Bills and Notes—Negotiable Instrument—Burden of Proof.—If a negotiable instrument shows upon its face to have been altered or changed in any form, material to its terms, which would invalidate it and release the maker from liability, the burden is upon the holder to explain the erasure or alteration.

WM. F. CLARK, JR. for appellant.

CAMPBELL & McATEE for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The appellees, Pearcy & Coleman, are retail merchants and as such entered into a written contract with the Puritan Manufacturing Company, whereby that company, in consideration of $300.00, sold to Pearcy & Coleman a piano, and three hundred other articles to be used in an advertising scheme by appellees under the direction of the company, in the interest of appellees' store. The contract is a long printed circular form document with a picture of a piano on the front, and the statement that the Puritan Manufacturing Company has a place of business in Chicago, New York, Winnepeg, and Toronto, and are advertising experts and contest managers. Near the bottom of this printed sheet is a perforated line, and below the line is the following:

"Chicago, Ill., June 29th, 1910.

"For value received, the undersigned promises to pay at Chicago, Ill., to the order of Puritan Manufacturing Company, $300.00 as follows:

"$100.00 3 months after date.
"$100.00 4 months after date.
"$100.00 5 months after date.

"A discount of 5% will be allowed if the full amount of this instrument is paid at maturity of the first installment.

"PEARCY & COLEMAN
"P. O. Middletown, Ky.          By H. P. PEARCY."

Immediately after the execution of the writing it was forwarded by the salesman of the Puritan Manufacturing Co. to its offices in Iowa City, Iowa, where the manager of the Puritan Manufacturing Company immediately detached the note above set out, at the perforated line, negotiated it to the Johnson County Savings Bank, Iowa City, Iowa, and this bank in turn transferred it to J. C. Stouffer, and Stouffer thereafter transferred the note to the appellant, C. W. Harrison, for collection only, Harrison receiving and having no financial interest in the note.

Harrison instituted this action on the note in the common pleas branch of the Jefferson circuit court for recovery of the money, alleging that he was the owner thereof. Appellees answered and denied his ownership and his right to sue or maintain the action, and in a second paragraph alleged that the note was a part of the original contract and had been detached therefrom, without the consent, permission or knowledge of appellees, and that this was a mutilation of the writing which rendered it of no effect as to appellees. In a third paragraph appellees allege that the contract and writing sued on was executed as consideration for a gambling debt or obligation, setting forth that the contest proposed to be conducted by the Puritan Manufacturing Company in the interest of the appellees' store was illegal, because it involved an element of chance gambling, and that this note was therefore invalid. The fourth paragraph of the answer reiterating the allegations of the second paragraph, averred that the note was fraudulently detached from the contract, and that the Puritan Manufacturing Company is a necessary party to the action, and in the event that appellant, Harrison, recovered upon the note, appellees were entitled to recover over against the Puritan Manufacturing Company.

Upon a trial, at the conclusion of the evidence for the plaintiff, Harrison, upon whom the trial court adjudged the burden of proof, the appellees entered a motion for peremptory instructions in their favor This the court sustained upon the ground that the plaintiff, C. W.

Harrison, having no financial interest in the note, could not maintain the action thereon, because under section 18 of the Civil Code: "Every action must be prosecuted in the name of the real party in interest," except in certain cases which the trial court held did not cover this case. The jury therefore were directed to find and return a verdict for the appellees, to all of which the plaintiff, C. W. Harrison, objected and excepted; the same being overruled, and exceptions saved, prayed an appeal in this court.

The trial court determined the case upon one question only: Can an assignee or holder of a note for collection only, and without any financial interest therein, maintain an action for its collection? Before the passage of the negotiable instrument law, which is now section 3720b, Kentucky Statutes, it had often been held that the holder of a note having no financial interest therein, could not under section 18 Civil Code maintain an action for its collection, but that the real party in interest alone could do so.

But, the act of 1904, commonly called the negotiable instrument law, changed the rule, for it now provides in subsection 51, of section 3720b, that:

"The *holder* of a negotiable instrument may sue thereon in his own name, and payment to him in due course, discharges the instrument:" and "*Holder* means the payee or endorsee of the bill or note, who is in possession of it, or the bearer thereof."

And it is also provided that:

"A holder in due course is the holder who has taken the instrument under the following conditions: First, that the instrument is complete and regular upon its face; second, that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; third, that he took it in good faith, and for value; fourth, that at the time it was negotiated to him he had no notice of any infirmity in the instrument, or defect in the title of the person negotiating it."

This court in the case of Dority v. First National Bank of Louisville, 170 Ky. 813, said:

"Under the Negotiable Instrument Act, the holder of a negotiable instrument may sue thereon in his own name. Subsection 51 of section 3720b, Kentucky Statutes. '*Holder*' means the payee or endorsee, of a bill or note, who is in possession of it, or the bearer thereof. 'Bearer'

means the person in possession of a bill or note which is payable to 'bearer.' Subsec. 190, section 3720b, Kentucky Statutes. The instrument is payable to bearer . . . . when the only and last indorsement is an indorsement in blank. . . . . Notwithstanding the failure of the bank to allege that it owned the note when suit was filed, the above facts are sufficient to show that it was the *holder* of the note and entitled to sue thereon in its own name."

We therefore conclude that Harrison, although an assignee for the purpose of collection only, was a holder as defined in the statute, and entitled to maintain this action.

It is also insisted that the trial court erred in requiring the plaintiff to assume the burden of proof upon the trial.

The defendants admitted the execution of the writing, but alleged that it had been altered by a detachment from the original contract. The rule is that if the paper sued on shows on its face an alteration or change, material to its terms, and which would invalidate it and release the makers from liability, the burden is upon the holder of the paper to explain the erasure or mutilation. The presumption is that it was made after the delivery, nothing to the contrary appearing; or, if it be made to appear by evidence that the instrument has been altered or changed so as to release the obligors, then the burden shifts to the holder to explain the alteration or change if he can do so by evidence. This is well set forth in Norton, Bills and Notes, Vol. 2, page 575, and is discussed and enlarged upon in the case of Elbert v. McClelland, 8th Bush 577, and Frazier's Admr. v. Frazier, 13 Bush 397.

For the reasons indicated, the appeal is granted and judgment reversed, for proceedings consistent with this opinion.