## Correll, et al. v. People's Bank of Science Hill.

(Decided February 14, 1928.)

## Appeal from Pulaski Circuit Court.

1. Pleading.—In action on note, plaintiffs, failing to reply to answer alleging that note sued on was materially altered without knowledge or consent of defendants after it came into possession of plaintiff, admitted such allegations and could not recover on note, nor on original indebtedness, under Ky. Stats., secs. 3720b-124, 3720b-125.

2. Trial.—In action on note defended on plea of non est factum and material alteration of note, charge submitting issue as to whether note had been raised without knowledge or consent of defendants, but omitting reference to elimination of name on note claimed by defendant to be an alteration, was erroneous where issue was made as to alteration not referred to.

3. Alteration of Instruments.—In action on altered note, reciting $12 in writing and $1,200 in figures on which word "hundred" was alleged to have been omitted from writing, defended on plea of non est factum, plaintiff had burden on issue of non est factum.

VIRGIL P. SMITH for appellants.

DENTON & PERKINS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The People's Bank of Science Hill, Ky., sued David Correll and E. C. Webb to recover upon a note payable to that bank purporting to have been executed by defendants on the 3rd day of March, 1924, and due 4 months thereafter; the amount of the note being stated in writing as "twelve dollars" and in figures as $1,200." Defendants demurred to the jurisdiction of the court on the ground that by the provisions of section 3720b17, Ky. Statutes, the amount stated in writing should control. Pending this demurrer, plaintiff filed an amended petition alleging that the indebtedness evidenced by the note was for the sum of $1,200, and that by mistake the draftsman of the instrument failed to write the word "hundred" after the word "twelve." Thereupon defendants filed answer pleading non est factum, though admitting the genuineness of their signatures to the note. Further pleading specifically that they as sureties for Joe Correll, a son of defendant, David Correll, and together with Joe Correll as principal, had executed a note to defend-

ant bank for the sum of $200 and renewed that note in the same way with Joe Correll as principal on several occasions, but specifically denying the execution of any note to plaintiff bank except as sureties of Joe Correll or for an amount in excess of $200. This answer was controverted by reply and the evidence heard. At the close of the evidence the court permitted the plaintiff to file an amended petition to conform to the proof alleging that the note sued on was executed in renewal of a former note for like amount executed by David Correll and E. C. Webb on the —— day of July, 1922, and in the alternative asking a recovery upon the original indebtedness if it should be found that defendants were not bound on the note sued on. By amended answer defendants denied the execution of the former instrument; again denied that they ever executed any note to plaintiff except as sureties on the $200 note for Joe Correll; and further averred that at the time it was delivered to the plaintiff the name of Joe Correll was signed thereto and appeared on said note, and that it had been in the possession of plaintiff bank since that time. No reply was filed to this answer.

The defendants testify positively that they had executed a $200 note and certain renewals thereof, as sureties for Joe Correll, and never at any time executed any other note to plaintiff, and that such notes were signed by them after the name of Joe Correll was signed thereto. They further state that they were not interested at all in the proceeds of any of these notes and pleaded no consideration. The plaintiff's cashier who conducted the bank transactions was dead at the time of the trial. The assistant cashier identified the note sued on, No. ——, as being given in renewal of note No. 9764 for like amount, which was executed July 4, 1923, and matured March 3, 1924, and which was not produced. It appears from the bank books that the principal in No. 9764 was David Correll. Of the proceeds of that note $200 was applied to the renewal of a note for that sum due by David Correll, $600 as a credit on an overdraft due the bank by a mercantile company owned by Joe Correll, and $400 on an overdraft due by Joe Correll individually. It further appears that Joe Correll was a resident of the same town as the bank and conducted a mercantile business therein, and that his father lived at a different point in the county. The bank witnesses admitted that the note in suit showed on its face that the name of Joe Correll had been written thereon above the names of the defend-

ants and erased.   Joe Correll testified as a witness for the bank and on cross-examination stated that the $200 in figures was written by himself and the figure "I" by the cashier, Dodson; that he signed the note before the defendants and delivered it to the bank; he was asked as to whether he made any alterations upon it or delivered it to the bank as made, but the bank's objection to this question was sustained, the reason not appearing.

The court instructed the jury as follows:

"If the jury believes from the evidence that the note executed by the defendants to the plaintiff bank on July 26, 1923, if they did execute a note to said bank on said date, was for $200 only and not for $1,-200, then you should find for the defendants unless you shall further believe from the evidence that although said note was executed for $200 only, if it was executed for said sum, and not for $1,200, some one having it in possession before it was presented to the plaintiff bank, and without the knowledge or consent of said bank, changed said note from $200 to $1,200, and that the bank accepted it for $1,200, and that in so doing it used ordinary care, the jury shall in that event find for the plaintiff the sum of $1,200, with interest from the 3d day of July, 1924.

"No. 2.   The term 'ordinary care' as used in instruction No. 1 above is that degree of care ordinarily used by bankers under like or similar circumstances."

The jury returned a verdict for plaintiff and defendants appeal.   The principle of law applying to non est factum and the alteration of written instruments is thus stated in Darraugh v. Denny, 196 Ky. 614, 245 S. W. 152:

"On the question of non est factum, the burden of proof was on plaintiff.   Thompson v. Eversole, 162 Ky. 836, 173 S. W. 165.   On the questions of no consideration and material alteration, the burden was on defendant.   Bronston's Adm'r v. Lakes, 135 Ky. 173, 121 S. W. 1021.   However, when plaintiff proved his wife's signature to the note, he made out a prima facie case that the whole body of the note was her act.   Simpson v. Davis, 119 Mass. 269, 20 Am. Rep. 324.   It then devolved upon defendant to show, from the appearance of the instrument itself or otherwise, that it had been mater-

ially altered. Davis v. Jenney, 1 Metc. (Mass.) 221. When this was done the burden shifted to plaintiff to explain how and when the alteration was made. Elbert v. McClelland, 8 Bush, 577; Frazer's Adm'r v. Frazer, 13 Bush, 397; Wilde v. Armsby, 6 Cush. (Mass.) 314.''

And in Harrison v. Pearcy & Coleman, 174 Ky. 485, 192 S. W. 513, it is said:

"It is also insisted that the trial court erred in requiring the plaintiff to assume the burden of proof upon the trial.

"The defendants admitted the execution of the writing, but alleged that it had been altered by a detachment from the original contract. The rule is that if the paper sued on shows on its face an alteration or change, material to its terms, and which would invalidate it and release the makers from liability, the burden is upon the holder of the paper to explain the erasure or mutilation. The presumption is that it was made after the delivery, nothing to the contrary appearing; or, if it be made to appear by evidence that the instrument has been altered or changed so as to release the obligors, then the burden shifts to the holder to explain the alteration or change if he can do so by evidence. This is well set forth in Norton, Bills and Notes, vol. 2, p. 575, and is discussed and enlarged upon in the case of Elbert v. McClelland, 8 Bush, 577, and Frazer's Adm'r v. Frazer, 13 Bush, 397.''

See, also, Commercial Bank of Grayson v. Arden, 177 Ky. 520, 197 S. W. 951, L. R. A. 1918B, 320.

In the absence of a reply to the second amended answer, it was admitted that, without the knowledge or consent of the defendants, the note sued on was materially altered after it came into the possession of the bank, and in this condition of the record the plaintiff could not recover on the note sued on, nor upon the original indebtedness (see sections 3720b124 and 3720b125, Ky. Statutes; 3 R. C. L. 1110, and cases cited) and defendants were entitled to a peremptory instruction. For this reason the case must be reversed. However, if these allegations had been controverted as they may be upon a return of the case, defendants were entitled to an instruction on this phase of the case. Also the instruction given by the court was erroneous in that, while it submitted the

issue as to whether or not such prior note, if there was such, had been raised without the knowledge or consent of the defendants and as to the duties of the bank in its acceptance thereof, it omitted all reference to the elimination of Joe Correll's name therefrom. There was an issue as to all of these matters. Plaintiff had the burden on the issue of non est factum. Perhaps this was met when defendants admitted the execution of a smaller note which the records of the bank showed to have been for the amount claimed, but at least each of the alterations claimed by defendants should have been submitted to the jury.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.