### Security Investment Company of St. Louis v. Harrod Brothers.

(Decided June 5, 1928.)

#### Appeal from Franklin Circuit Court.

1.  Bills and Notes.—Signature on blank paper, delivered by signer in order that it may be converted into a negotiable instrument, operates as prima facie authority to fill up blanks for any amount in accordance with authority, under Negotiable Instruments Act, Ky. Stats., sec. 3720-b14.

2. Bills and Notes.—A blank instrument, negotiated to a holder in due course, is valid and effectual for all purposes in his hands, and may be enforced by him as if filled up strictly in accordance with authority given by signer within reasonable time.

3. Bills and Notes.—Failure to insert pronoun "we" or "I" in spaces left therefor on printed notes was immaterial, under Ky. Stats., sec. 3720-b17, and did not render them nonnegotiable, so as to make assignor thereof a necessary party plaintiff, under **Civil** Code, sec. 19, in action thereon by assignee.

4. Chattel mortgages.—A transfer or assignment of a note, secured by a mortgage or other lien, assigns and transfers the lien also.

5. Chattel Mortgages.—No indorsement on a chattel mortgage securing a note is necessary to transfer of the mortgage by assignment of the note.

6. Chattel Mortgages.—When the debt secured by a chattel mortgage or other lien is paid, the lien is discharged, and the court may cause a proper release to be made on the record, though the provisions of Ky. Stats., sec. 498a, subsecs. 2, 3, for release of mortgage by holder were not followed; such statute being merely permissive.

7. Bills and Notes.—Notes being assignable under Ky Stats., sec. 474, even if not negotiable, assignor is not a necessary party to an action thereon, under Civil Code, sec. 19.

F. M. DAILEY for appellant.

POLK SOUTH, JR., for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The Security Investment Company of St. Louis instituted this action in the court below to recover of N. T. Harrod and Tilden Harrod, partners engaged in the butcher business as Harrod Bros., the sum of $535.92 with interest from May 15, 1926, upon 11 notes for $48.72 each, executed to Gus V. Brecht Butchers' Supply Company. The 11 notes were exhibited with the petition and amended petitions, and all bear the indorsement of the payee. A special demurrer for defect of parties based upon the failure to make Gus V. Brecht Butchers' Supply Company a plaintiff was interposed by the defendant and sustained by the court on the ground, as stated in the order, that the plaintiff was not a holder in due course because the blanks in the face of each of the notes are not filled, making them incomplete and nonnegotiable. The plaintiff declined to plead further and the action was dismissed. The plaintiff appeals from that order.

The notes are on a printed form, and all blanks are filled except in the first line, where a space is left for the

insertion of the pronoun "we" or "I," as the case may be, and these are not filled. It also appears that the notes are secured by a chattel mortgage, recorded in the county clerk's office; the original being filed with the pleadings. No assignment appears on the mortgage.

It is argued in support of the judgment that the omission to insert the proper pronoun at the appropriate places in the notes rendered them nonnegotiable and the assignor a necessary party under section 19 of the Civil Code; that the chattel mortgage, not being transferred by indorsement thereon, still belongs to the original owner and makes it a necessary party; and that section 498a, subsections 2 and 3, of the Kentucky Statutes, forbids the release of a mortgage by a holder unless the requirements of that section are followed, and not being pursued in this case the original owner was a necessary party in order that a valid release of lien might be had by defendants.

The Negotiable Instruments Act provides (section 3720-b14, Ky. Stats.) that where an instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. It must be filled in accordance with the authority. If such an instrument is negotiated to a holder in due course, however, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time. Smith v. Lockridge, 8 Bush, 423. The omission in this case was wholly immaterial. The meaning of the notes was plain, and it was unnecessary to insert the pronouns in the blanks provided for that purpose. Section 3720-b17, Ky. Stat.; Herman v. Gregory, 131 Ky. 819, 115 S. W. 809; Stanley v. Davis, 107 S. W. 773, 32 Ky. Law Rep. 1137; Callahan v. Louisville Dry Goods Co., 140 Ky. 712, 131 S. W. 995; McGowan v. People's Bank, 185 Ky. 20, 213 S. W. 579; Sweeney v. Taylor, 205 Ky. 390, 266 S. W. 665; Harrison v. Union Store Co., 179 Ky. 672, 201 S. W. 31; Harrison v. Pearcy, 174 Ky. 485, 192 S. W. 513. It is apparent, therefore, that section 19 of the Civil Code has no application to this case.

It is an ancient and accepted rule that a transfer or assignment of a note secured by a mortgage or other lien assigns and transfers also the lien by which the note is secured. Bradley v. Curtis, 79 Ky. 327; United States Bank v. Huth, 4 B. Mon. 450; Vimont v. Stitt, 6 B. Mon. 478; Burdett v. Clay, 8 B. Mon. 295; Willis v. Vallette, 4 Metc. 195; Edwards v. Bohannon, 2 Dana, 99; Forwood v. Dehoney, 5 Bush, 175; Duncan v. Louisville, 13 Bush, 378, 26 Am. Rep. 201; Summers v. Kilgus, 14 Bush, 449.

In this state no indorsement on the mortgage is necessary. When the debt secured by the lien is paid, the lien is discharged and the court may cause the proper release to be made on the record. Section 498a, Ky. Statutes, is permissive, and expressly provides that the existing law is not affected by failure to pursue the course permitted by its provisions. It is not necessary to decide whether that section applies to chattel mortgages, or is limited to liens affecting land. In either event it has no application to this case.

Even if the notes were not negotiable, they are assignable by statute (section 474), and by the terms of section 19 of the Civil Code the assignor is not a necessary party. But the notes sued upon herein are negotiable instruments.

The special demurrer should have been overruled, and the lower court erred in dismissing the action.

Judgment reversed for further proceedings not inconsistent with this opinion.