## Welch v. Mann et al.

(Decided April 29, 1938.)

342

W. L. KASH and GRANNIS BACH for appellant.
E. C. HYDEN and MOSS NOBLE for appellees.

Opinion of the Court by Morris, Commissioner—Reversing.

Appellant sought by petition in equity to recover on a promissory note and to subject certain real estate claimed to be in pledge to secure its payment. The appellees (defendants below) were J. L. Mann, executor of the will of Nando Mann, his children, some of whom were infants, the widow, and officers of the Hargis Bank & Trust Company (hereinafter referred to as "the bank"), then in charge of its liquidation.

From the pleadings and the proof adduced, we gather the following to be facts about which there is no dispute: On or about January 2, 1936, Nando Mann and his wife, Martha, executed a promissory note to the bank for $838, due one year from date. To secure its payment they executed a mortgage on a described tract of land. This mortgage was conditioned so that it should cover and include by its terms further loans advanced to the debtor to a limit of $2,500. After the execution of the mortgage Nando Mann paid $75 on the $838 loan, but borrowed between the dates of the first loan and his death further various sums, executing notes therefor, which aggregated the sum of $1,540.65. The date of his death is not given, but was prior to May 13, 1929. Later J. L. Mann, who was named executor of the will, qualified.

On December 10, 1929, assuming that he had authority so to do, J. L. Mann, as executor, with the widow, executed a note to the bank for the amount of the combined notes of Nando Mann, plus accrued interest, the total being $1,605. Simultaneously they executed another mortgage to the bank to secure its payment, which included the tract of land embraced in the

first mortgage, and apparently another boundary. The last-mentioned note was due six months after date.

Prior to its maturity, and for a valuable consideration, appellant bought the $1,605 note, and the mortgage given by the executor and the widow. Thereafter on April 7, 1930, and before the due date of the note, the executor and the widow executed to appellant a new note in the sum of $1,650.05, covering the original principal and interest.

In his petition seeking judgment on his debt, appellant insisted on his right to recover and have the land, or lands, subjected, on the ground that Nando Mann had in his will authorized his executor to sell the land pledged by the first mortgage for payment of the debt. He alleged that the original note of $1,500 had never in fact been paid, but had been, together with the original mortgage, turned over to the executor, upon his and the widow's execution of the subsequent note and mortgage. His position, though not clearly pleaded, was that under this state of facts he became subrogated to all rights of the original creditor in and to the mortgage which had been executed by Nando Mann.

It is also pleaded that Nando Mann at his death was the owner of no property, save that included in the two mortgages, and owed no other debts, taking the position that if the first mortgage boundary should not be sufficient to satisfy his debt, then the two tracts should be sold and the proceeds applied to the payment of his debt. At this point we may say that neither the pleading nor the proof would justify the court in concluding that appellant might subject to sale any boundary of land, save as described in the first mortgage. The question as to appellant's rights under the mortgage executed to him, and the bank's and appellant's rights under the second mortgage, is closed, as will be later developed.

Appellant's pleading may be susceptible to such construction as would lead to a conclusion that he was seeking recovery on the original note of $1,500. However this may be, at one stage of the proceeding, on a motion of appellees to require appellant to elect, he announced that he would stand squarely on his right to recover on the note executed by Nando Mann and his wife.

Since appellant elected as above indicated, it becomes necessary to observe rather closely the allegations of appellees' answer to the petition. To our minds this pleading will assist somewhat in reaching a correct conclusion on the question involved. This answer by the executor and the widow admits that Nando and Martha executed the original note and mortgage to the bank as alleged, and J. L. Mann, as executor, was empowered to sell the land, which he failed to do. Pleading further they admit the execution of the $1,605 note on December 10, 1929, and its transfer to plaintiff for value. They denied the execution of the note or mortgage to appellant as of April 7, 1920. They denied that plaintiff is the owner of the note and mortgage originally executed to the bank by Nando and his wife, or that he is entitled to be subrogated to the bank's rights to the note and mortgage, or that the bank had any rights to which appellant might be subrogated.

In a second affirmative paragraph the respondents allege that the note of December 10, 1929, for $1,605, the one assigned by the bank to Welch, for value received prior to its maturity, was thereby placed on the footing of a foreign bill of exchange, and that since appellant did not move to its collection until more than five years after acquirement, his right to recover is barred by the statute of limitations.

Another affirmative defense made by this answer and later amendment was a plea in bar, based on the fact that on May 29, 1933, plaintiff had filed equity suit No. 1968 against the executor and widow, in which he sought to recover on the debt for $1,650.05, being the note and mortgage executed to appellant by the executor and the widow. The lower court, in that suit, adjudged that J. L. Mann, as executor, was without authority under the terms of the will to mortgage Nando's real estate, or to execute a note binding the estate. This matter came to this court and will be referred to later. To this answer the appellant replied, denying such facts and conclusions as to the alleged bar by limitation, and allegations of the answer setting up the other plea in bar.

In an amended petition filed by appellant, after electing to stand on the original note, and setting out in detail all facts relating to the execution of the various notes and mortgage by Nando Mann, it was

further alleged that after Nando Mann's death the executor and widow, in order to evidence the original indebtedness, executed the $1,605 note, and the second mortgage. Then is pleaded the provisions of Nando Mann's will which authorized the sale of the pledged land to pay the obligation, and that the lien indebtedness referred to in his will was the original obligation to the bank, there being at the time no other lien against the land. Appellant again pleads his right to be subrogated to the rights the bank had under the original note and mortgage. By this pleading it is noted that appellant takes the position that the will authorized the sale of all the land referred to therein as being subject to the debt though only one tract was described in the mortgage. To this pleading appellees filed an amended and reformed answer, in which they denied that the $1,500 had never been paid, but say that same was paid by the execution of the $1,605 note by the executor and widow.

The only proof introduced was by appellant. He testified as to his purchase from the bank of the December 10th $1,605 note, for which he says he paid "one hundred cents on the dollar," the full value of the note, no part of which or any interest had been paid him. He says that at the time he bought the note the bank turned the second mortgage over to him. The bank officer testified that the records showed that the several notes mentioned above, making up with interest the $1,605, were paid off by the note executed by the executor and the widow, and not otherwise. The executor testified, but his evidence throws little light on the subject. He did not know whether he had signed the $1,605 note or not, but upon being shown his signature admitted same. The same in part was true as to the note later executed directly to appellant. He had seen the old note and mortgage executed by his brother, but had no recollection as to whether or not when he executed the $1,605 note the bank delivered him the original note and mortgage. The county clerk testified that there was no release of record of the original mortgage.

Appellees' defense, as presented here, is based principally on two propositions: First, that there is no showing of such facts as would uphold appellant's alleged right to be subrogated to the rights of the bank, since his purchase of the note from the bank was voluntary on his part. Second, that by the transaction be-

tween the bank and appellant, the bank divested itself of all property, right, or interest in the note and mortgage, and thus the note was placed on the footing of a bill of exchange, Kentucky Statutes, sec. 3720b-1 et seq., hence the five year statute of limitations, Kentucky Statutes sec. 2515, applied.

Taking up the former action by appellant, judgment in which is pleaded in bar by appellees and by appellant as favoring his plea of subrogation, we find that on May 9, 1933, appellant filed suit against the executor and the widow, seeking to recover on the note executed to him by them on April 7, 1930. It was alleged in that petition that J. L. Mann, as executor of the will of Nando Mann, had been given authority to sell, mortgage, and convey the real estate embraced in the mortgage, for the purpose of meeting the obligation of Nando Mann. The court below held that the executor had not been given such power, and plaintiff's petition was dismissed. So much of the will as was alleged granted the power was as follows:

"I am now the owner of a tract of land situated on Frozen Creek in Breathitt County, Kentucky, consisting of about one hundred and twenty five acres against which there is a lien for about $1,500.00, and I hereby will and devise said land to my brother, J. L. Mann, in trust for my family, and I hereby authorize and empower the said J. L. Mann, to sell and dispose of same to any one he may deem proper, at its reasonable value, and I further authorize and empower the said J. L. Mann to make deed to said land to any purchaser or purchasers and to fully vest title in said purchaser or purchasers, as fully as I may do, and I further direct and empower the said J. L. Mann to pay said indebtedness out of the proceeds of the sale of said land, to divide the rest among my family according to the laws of the state, or he may purchase other land for my said family with said proceeds as he may deem proper, and I hereby clothe him with full power to handle my estate both real and personal, and make sale and conveyance of same without the intervention of any court or other person."

From the judgment rendered in appellant's first suit, he prosecuted an appeal to this court. Welch v.

Mann's Executor, 261 Ky. 470, 88 S W (2d) 1, 3. We affirmed the judgment of the lower court. In that case the opinion recites:

"It is said in brief that the note and mortgage were executed to pay off the existing lien, that the original note was to a bank, and it had been assigned to Welch; and that instead of renewing it, the new obligation was created. That condition, however, is not disclosed in the record. We are, of course, confined to it, and cannot consider the question whether, under the power granted the trustee, he could substitute one lien for another. It may be pointed out that the appellant has the right of subrogation and may recover on the original obligation to the bank."

It may be said that the record before us does not show that Welch had paid the Nando Mann debt because of any legal or moral duty so to do, or paid the same at the instance or request of debtor or creditor, with an understanding that he was to be placed in the position of the original creditor. If it did so show, there would be little doubt as to the application of the principle of subrogation, or the establishment of an equitable lien. Smith v. Feltner, 259 Ky. 833, 83 S. W. (2d) 506; McCracken County v. Lakeview Country Club, 254 Ky. 515, 70 S. W. (2d) 938; Vance v. Atherton, 252 Ky. 591, 67 S. W. (2d) 968. Analyzing the pleadings, and what little proof is adduced, it shows that appellant bought a debt and mortgage apparently as an investment, paying therefor, as he says, "One hundred cents on the dollar." Other proof bears him out in respect of the purchase of the debt. As we read the record, it appears to us that appellees forced appellant to a point which was fatal to their claims.

After the filing of the original petition and answer, the court sustained the following motion made by appellees:

"Came the defendant and filed motion to require plaintiff to elect whether he will rely on the note for $1,650.00, or the note of $1651.50, or the original note of $1,500.00."

The appellant came forward and declared "that plaintiff would prosecute this action on the note for $1500.00, executed by Nando Mann and his wife to the Hargis Bank and Trust Company, and referred to in the peti-

tion herein." Later the appellant filed his amended petition, basing his cause of action on the total of the original notes executed by Nando Mann and wife, and to which pleading answer was filed, thus raising an issue as to the original note and mortgage.

The court below, upon submission, held the plea of limitation good, and dismissed appellant's petition, the only basis for which would have been as pleaded, that the note, or whatever was purchased by appellant, was placed on the footing of a bill of exchange. Such ruling might have been correct (though under all the facts it may be doubted) had the action continued with appellant adhering to his rights based upon the note executed by the executor and the widow to the bank. However, he is now suing on the original debt and mortgage executed by deceased and his wife, hence the five-year statute would have no application. It is doubtful if the pleadings by appellee go any further than to urge the plea of limitations to any obligation save the note executed by the executor and widow. Even though they do so, it is not at all doubtful but that the bank had fifteen years in which to enforce payment of its debt by the subjection of the mortgaged land to its payment.

We held on the former appeal that appellant, when he purchased the note and mortgage executed by the executor and widow, got nothing more than the right to a personal judgment against the widow. As to the estate, the entire transaction was void and ineffective. The mortgage was invalid, and since the note was signed by the executor without power to bind the estate, it was to that extent of no effect. Appellant, however, paid his money for an obligation, a debt, and mortgage, and regardless of any consideration of the principle of subrogation, he was entitled to the lien which was created by the first mortgage. While the pleadings allege, and it is insisted that there was a payment of the obligation by the execution of the second note, there had in fact been no payment, since the second note and mortgage were totally void, as against the estate of Nando Mann.

It is apparent from reading Nando Mann's will that it was his desire that the debt which he and his wife had created should be paid in the manner indicated in his will. He conveyed the described tract in

trust to J. L. Mann for this purpose, but we need not go to the extent of undertaking to determine whether the will itself created a lien in favor of one who might ultimately hold the evidence of debt, but it surely lends some equity in favor of appellant.

Since appellees forced appellant to take a decided stand in the matter, and he stood on the original note, there can be no question but what he was entitled to the benefits of the lien created by the original mortgage.

It is a well-settled rule that a transfer or assignment of an obligation carries with it the lien by which its payment was secured. Security Investment Co. v. Harrod Brothers, 225 Ky. 12, 7 S. W. (2d) 492; Bradley v. Curtis, 79 Ky. 327; Duncan v. Louisville, 13 Bush 378, 26 Am. Rep. 201; Summers v. Kilgus, 14 Bush 449.

We are of opinion that the court was in error in failing to hold appellant entitled to a judgment for the original debt, and a sale of such land as is embraced in the mortgage executed by testator and his wife to secure its payment.

Judgment reversed with directions to enter in its stead one in conformity with this opinion.

The whole court sitting.