# Anderson et al. v. Bush et al.

March 17, 1942.

52

McCurry & Reed for appellant.

Turner & Turner for appellee Bush.

Waller & Threlkeld for appellees Post and Johnson.

Wheeler & Shelbourne for appellee Miller.

Adrian H. Terrell for appellee City of Paducah.

C. H. Lowry for appellee National Savings.

OPINION OF THE COURT BY VAN SANT, COMMISSION-ER—Reversing in part and affirming in part.

On August 20, 1926, Mrs. Josephine F. Post executed and delivered to the Mechanics Trust & Savings Bank of Paducah bonds aggregating the sum of $3,000, and, simultaneously therewith, assigned to the bank rentals due, and to become due, under a contract of lease with the Mid-Continent Petroleum Corporation to secure the payment of the $3,000 bond issue, and, "all sums for which the undersigned is now liable or may hereafter become or be liable to the said bank either directly or indirectly and as long as such security shall remain in the custody of the bank."

She thereafter became indebted to the bank in the sum of $4,500, evidenced by bonds aggregating that amount which were additionally secured by a mortgage on certain real estate owned by her in the city of Paducah. She was additionally indebted to the bank, jointly with her three sisters, in the sum of $16,000, evidenced by bonds secured by mortgage on property which the sisters had inherited from their mother.

On November 17, 1930, the City National Bank of Paducah purchased the assets and assumed the liabilities of the Mechanics Trust & Savings Bank. Previous to this transaction the Mechanics Trust & Savings Bank issued bonds bearing interest at the rate of 5½ per cent which were the direct obligations of that bank, and pledged as collateral security therefor the $4,500 bonds issued to it by Mrs. Post. On October 28, 1931, the City National Bank closed its doors and was placed in the hands of Jeff H. Hooker, receiver, who was succeeded by the appellant, A. M. Anderson. Shortly thereafter in a proceeding in the McCracken circuit court, David A. Yeiser was appointed special commissioner and as such became the owner and holder of the 5½ per cent bonds issued by the Mechanics Trust & Savings Bank and the holder of the bonds of Mrs. Post pledged to secure the payment thereof. At the time of the institution of this action, Mrs. Post was indebted to C. H. Bush in the sum of $4,000 evidenced by a promissory note and secured by a second mortgage on the real estate first mortgaged to the Mechanics Trust & Savings Bank as additional security for the $4,500 bonds. All the rentals collected under the contract of lease with the Petroleum Company, prior to the closing of the City National Bank in October, 1931, were applied to retirement of interest and principal of the $3,000 bonded indebtedness of Mrs. Post to the bank and in partial retirement of the interest on the $4,500 bonded indebtedness. Thereafter the receivers collected the rentals, but made no application of the proceeds to the retirement of any debt of Mrs. Post.

This action was instituted by Mr. Bush against Mrs. Post asking that the real estate mortgaged to him be sold to satisfy his debt. The receiver of the City National Bank was made a party defendant for the purpose of permitting him to set up his lien against the mortgaged property and requiring him to disclose how much, if any, balance was owing on the $4,500 bonded indebtedness of Mrs. Post to the bank, and the amount of money in his hands undistributed from the rentals collected by him from the Mid-Continent Petroleum Company. The Petroleum Company was made a party defendant to permit it to set up its rights under the lease. Plaintiff prayed that the court determine the rights of the parties and the priorities of their claims. Mrs. Post filed answer in which she confessed judgment to the plaintiff and alleged that the assignment made to the Mechanics Trust & Sav-

ings Bank on August 20, 1926, was for the purpose of reducing her bonded indebtedness ($3,000 and $4,500) to the bank and that all the rentals collected should be applied in that way. In his answer and cross petition, the receiver alleged that the assignment of the rentals was for purposes of general collateral and had no application to any specific indebtedness owing by Mrs. Post to the receiver and alleged, and asked the court to decree, that he had the right to apply such sums on the obligations owed the receiver by Mrs. Post and her sisters, jointly, the original amount of which was $16,000. However, in the same answer and cross petition he made the following allegation:

"For further answer to the amended petition, Jeff H. Hooker, states that from the records of the Mechanics Trust and Savings Bank he is advised as hereinbefore stated, that beginning with the month of September, 1926, the rents on said filling station were paid to the Mechanics Trust and Savings Bank and from time to time were applied on said indebtedness, that from said date until the Mechanics Trust and Savings Bank sold its assets to the City National Bank, Paducah, Kentucky, said rents were received by it and so applied to this indebtedness, and *after said date the rents were received and applied by the City National Bank, Paducah, Kentucky, through an agreement with Josephine F. Post, to said indebtedness, until date of suspension.* Defendant, Jeff H. Hooker, Receiver, files herewith as a part hereof marked Exhibit 'D' statement of amount of said receipts, the application of same, balance of outstanding overdraft and amount collected by Receiver since suspension of Bank." (The emphasis is ours.)

Exhibit D referred to in the above quoted paragraph showed that, as heretofore stated, until the City National Bank was closed, it and its predecessor applied the rents to the payment of the interest and retirement of the $3,000 bonds and to payment of interest as it became due on the $4,500 bonds, none of the principal of which became due until the bank closed its doors. The city of Paducah intervened and set up liens against the real estate for general and special assessment taxes owing by Mrs. Post. Other claimants became parties but their interests are not affected by the judgment ap-

pealed from. No evidence was heard, and the court on submission entered judgment on the pleadings and exhibits.

We deem it unnecessary to recite the full judgment as the only complaints made on this appeal are of those parts of the decree which (1) adjudge a lien on the rentals collected and in the hands of the receiver for general taxes and special assessment taxes owing to the City of Paducah, the county of McCracken and State of Kentucky by Mrs. Post, and (2) that Mrs. Post directed the bank to apply the rents collected from the Petroleum Company to the payment of the $3,000 and $4,500 obligations, which direction was binding on the receiver.

The appeal from the judgment in respect to the tax liens may be disposed of in a few words. We have not been honored with a brief for the county or state but the city of Paducah, in its brief, concedes that it does not have a lien on the proceeds of the rents for the payment of its taxes. That fact is virtually conceded by all the parties; although appellee, Bush, weakly contends that because the bank was the holder of the mortgage on the filling station property it had the right to pay the taxes and add such amount to the debt secured by the mortgage on the real estate, therefore, it was its duty to do so. While it is true that the bank had the right, it was not required, to do so by the terms of the mortgage, and, since it did not, it cannot be required to pay the taxes out of the rents collected. The debts for taxes were separate and distinct from the debts owing the bank and constitute liens superior to that of the bank on the real estate mortgaged to it, but, such lien cannot be extended to the profits of the property. Section 3176, Kentucky Statutes. It is apparent, therefore, that the judgment should have given the state, county, and city liens on the real estate owned by Mrs. Post, instead of requiring the receiver of the bank to pay the taxes out of the proceeds of the rents.

That the receiver of the City National Bank, by virtue of the assignment and pledge agreement, had a prior lien on rentals collected from the Petroleum Company and was entitled to apply them on all the indebtedness to the bank owing by Mrs. Post at the time of the assignment, or thereafter incurred by her while such rentals remained in its possession, is in accord with well established principles of law. 49 C. J. 925; Douglas, Receiver,

v. People's Bank of Kentucky, 86 Ky. 176, 5 S. W. 420, 9 Am. St. Rep. 276; Mercer National Bank v. White's Ex'r, 236 Ky. 128, 32 S. W. (2d) 734. The written assignment specifically set out that the $3,000 bonded indebtedness was to be retired and in addition thereto the rentals collected were to be applied to all other indebtedness, although the writing itself did not specify any particular debt to which payment should be secondly applied. That being true, the debtor had the right to designate the debt upon which she desired the fund to be applied; and such designation, if made, was not at variance with the terms of the written agreement. Henderson v. Phoenix Insurance Co., 233 Ky. 217, 25 S. W. (2d) 359. If the debtor had failed to specify the debt upon which the collections were to be applied, the bank had the right to apply them on the debt of its choice. Henderson v. Phoenix Insurance Co., supra. The question resolves itself into one of fact. That being true, we must look to the pleadings and exhibits to determine the correctness of the decision of the trial court that Mrs. Post directed the bank to apply the collections on the $4,500 bonded indebtedness in preference to the $16,000 indebtedness. The pleading filed by Mrs. Post contains that allegation. The pleading filed by the bank contains allegations inconsistent with each other in that respect. The receiver first alleged that the rentals collected and to be collected were for purposes of general collateral and had no application to any specific indebtedness owing by her to the receiver, but he next alleged that the proceeds of the rents were applied by the bank to retirement of the bonded indebtedness and its interest and such was done in accordance with Mrs. Post's directions. Under the rule that a pleading will be most strongly construed against the pleader, it was proper for the trial court to reject the receiver's first plea in favor of the second, and, since the latter was in perfect accord with the allegation of Mrs. Post, the court properly concluded that she had directed the bank to apply the funds to the payment of the $3,000 and the $4,500 bonded indebtedness. It follows that it was the duty of the bank and its receiver to first retire the interest and debt evidenced by the $3,000 bond issue, which has been done, next, to apply the proceeds to the retirement of the interest and debt of the $4,500 issue. The fact that the bonds were thereafter assigned to third parties does not extinguish the right of the debtor or the holder of the bonds to have the pro-

ceeds of the rents applied to their payment, because no question is more definitely determined than that the assignment of an obligation carries with it the lien by which its payment is secured. Security Investment Co. v. Harrod Bros., 225 Ky. 12, 7 S. W. (2d) 492; Welch v. Mann, 273 Ky. 341, 116 S. W. (2d) 663. After the satisfaction of the bonded debt, the receiver has the right to apply the balance to the payment of Mrs. Post's other obligations held by him.

Wherefore the judgment against appellant in favor of the city of Paducah is reversed with directions to set it aside and enter another in conformity with this opinion. The judgment against appellant in favor of the other appellees is affirmed.