NUMBER 13-99-300-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


OSVALDO GARCIA LOZANO
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 138th District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 A jury convicted appellant, Osvaldo Garcia Lozano, of possession of a controlled
substance(1) and sentenced him to one year confinement. In his sole point of error,
appellant challenges the sufficiency of the evidence to support his conviction. We
affirm.

 Appellant's vehicle was stopped by Officer Jaime Garcia for running a stop sign. 
After learning that appellant had outstanding warrants for his arrest, Garcia patted
appellant down for weapons, placed him under arrest, and transported him to the
Brownsville jail. Upon arrival at the jail, Garcia turned appellant over to jailer Jesus
Arias who proceeded to search appellant. During the search, Arias discovered a small
plastic container containing a white powdery substance in appellant's left shirt pocket. 
The substance was cocaine. Arias testified that after the cocaine was discovered,
appellant said, "Give me a chance; I'm on probation." 

 During appellant's testimony, he admitted to disregarding the stop sign, and
agreed with Garcia's testimony regarding the facts leading up to their arrival at the jail. 
However, he denied having cocaine and did not recall the jailer looking into his pocket.
Appellant claimed his request to be "given a chance" was made to Garcia before
entering the jail, and not to the jailer after being searched. He further claimed the
request referred to his outstanding warrants, not the cocaine. 

 Appellant does not specify whether he is challenging the legal or factual
sufficiency of the evidence supporting his conviction. We will consider both
standards. In a legal sufficiency review, we view the evidence in a light most
favorable to the verdict to determine whether a rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318 (1979); Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App.
1996). Sufficiency of the evidence is measured by the elements of the offense as
defined by the "hypothetically correct jury charge for the case." Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99,105 (Tex.
App.--Corpus Christi 1999, pet. ref'd). In a factual sufficiency challenge, the verdict
will be set aside if, after viewing all the evidence without the prism of "in the light
most favorable to the prosecution," it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996) (evidentiary review for affirmative defense). The complete and
correct standard for conducting a Clewis factual sufficiency review of the elements of
a criminal offense asks whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. See Johnson v.
State, No. 1915-98, slip op. at 18, 2000 WL 140257, *8 (Tex. Crim. App. Feb. 9,
2000) (en banc) (evidentiary review for elements of offense).

 The jury is the finder of facts, and the exclusive judge of the credibility of the
witnesses and the weight to be given to their testimony, and may accept or reject all
or any part of the testimony of any witness. Tex. Code Crim. Proc. Ann.§ 38.04
(Vernon 1979); Penegraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). 
We review the fact finder's weighing of the evidence and are authorized to disagree
with the fact finder's determination, but we may not "find" facts or substitute our own
judgment for that of the fact finder. Clewis, 922 S.W.2d at 133, 135; see Tex. Code
of Crim. Pro. Ann. Art. 38.04 (Vernon 1979) (the jury is the exclusive judge of facts
proved and weight given to testimony). Disagreeing with the fact finder's
determination is appropriate only when the record clearly indicates such a step is
necessary to arrest the occurrence of a manifest injustice. See Johnson, slip op. at
12-13, 2000 WL 140257 at *6. Additionally, the jury may infer knowledge from the
acts, words, and conduct of the accused, as well as the circumstances surrounding
the accused's conduct. Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982);
Harvey v. State, 3 S.W.2d 170, 174 (Tex. App. --Houston [14th Dist.] 1999, pet.
ref'd).

 To establish unlawful possession of a controlled substance, the State must
prove beyond a reasonable doubt that the defendant knowingly or intentionally
possessed the controlled substance. Tex. Health & Safety Code Ann. § 481.115
(Vernon 1992). 

 Appellant contends the evidence failed to show he knew the contraband was
on his person. However, the State provided the jury with the testimony of the jailer,
who stated he found the cocaine in appellant's shirt pocket while he was conducting
an inventory search of the appellant, and that appellant's reaction was to request the
jailer to "Give me a chance; I'm on probation." Appellant admitted to making the
statement, but claims it was made to the police officer who made the arrest, and that
it was made before they entered the jail. He further claims the statement was made
in reference to his outstanding warrants, not to the cocaine. Appellant also alleges he
did not have the cocaine and does not recall Arias looking into his shirt pocket.
According to appellant's testimony, Arias lied about the cocaine. The jury apparently
chose not to believe appellant's testimony. As the fact finders, they were free to
reject his testimony. Penegraph, 623 S.W.2d at 343. Having completed a neutral
review of all of the evidence, both for and against the finding, we conclude the
evidence provided to the jury was not so obviously weak as to undermine confidence
in the jury's determination; nor was it greatly outweighed by contrary proof. 
Appellant's sole point of error is overruled.

 The judgment of the trial court is AFFIRMED. 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 25th day of May, 2000.

 

1. Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 1992).